### THOMAS KINLEY v. THE STATE.

*No. 7264.    Decided May 30.*

1. **Information.**—An information can not be presented until a complaint has been
duly made under oath by some credible person charging the accused with an offense.

2. **Same.**—A felony can not be prosecuted by information, but only by indictment.
A complaint which charges the accused with a felony can not form the basis of an in-
formation.

3. **Same—Variance.**—The material allegations of an information must conform to-
those of the complaint upon which it is founded, and a want of such conformity will
vitiate the information. Thus, where the complaint charges a felony and the informa-
tion a misdemeanor the information is bad.

4. **Complaint — Misdemeanor — Felony.**—When a complaint charges a misde-
meanor information shall be presented upon it in the County Court. When it charges.
a felony it must be filed with a magistrate, who shall proceed in accordance with the,
law governing examining courts.

APPEAL from the County Court of Llano. Tried below before Hon.
W. S. Maxwell, County Judge.

This conviction is for an aggravated assault, a fine of $25 being the-
punishment assessed.

*Miller & Lauderdale,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE. — This prosecution was commenced in the-
County Court by information charging appellant with aggravated as-
sault predicated upon a complaint charging him with the offense of
assault with intent to murder.

Under our law an information can not be presented in the proper-
court until a complaint has been duly made under oath by some cred-
ible person charging the defendant with an offense. Code Crim. Proc.,
art. 431.

Information can not be used to bring before the court a party charged with a felony for the purpose of finally trying him. It is only misdemeanors that can be presented by information.

County Courts have no jurisdiction to try felonies except when sitting as examining courts. When a party is charged with a felony by complaint before a County Court or judge thereof, the cause shall be examined and the judge shall make the proper order, either discharging the party or remanding him with or without bail as the facts may indicate, to await the action of the grand jury upon the charge preferred.

In misdemeanors the complaint forms the basis for an information to be filed in the proper court.

The material allegations of an information must conform to those of the complaint upon which it is founded, and a want of such conformity will vitiate the information. Davis v. The State, 2 Texas Ct. App., 184; Daniels v. The State, 2 Texas Ct. App., 353; Stinson v. The State, 5 Texas Ct. App., 31; Johnson v. The State, 4 Texas Ct. App., 594.

As the information can only present and charge a misdemeanor, it follows that a complaint that charges a felony will not serve as the basis or predicate for such information.

Our statute provides in cases where the complaint is taken by a district attorney: "If the offense be a misdemeanor the attorney shall forthwith prepare an information and file the same, together with the complaint, in the court having jurisdiction of the offense. If the offense charged be a felony, he shall forthwith file the complaint with a magistrate of the county and cause the necessary process to be issued for the arrest of the accused." Code Crim. Proc., art. 36.

When the party has been arrested and brought before the said magistrate he "shall proceed," after the examination of the witnesses has been fully completed, "to make an order committing the defendant to the jail of the proper county, if there be one, discharging him or admitting him to bail, as the law and facts of the case may require." Code Crim. Proc., art. 275.

It will be seen that a complaint charging a felony can not form the basis of an information in so far as our statutory law is concerned. But we have still higher authority for this position. Our Bill of Rights declares that " no person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment otherwise than the penitentiary, in case of impeachment, and in cases arising in the army or navy or in the militia, when in actual service in time of war or public danger." Bill of Rights, sec. 10.

From the foregoing it is evident that a complaint charging a felony can not form the basis of an information, and it is equally certain that

when an information charging a misdemeanor is predicated upon a complaint alleging a felony there is such a variance exhibited as renders the whole proceeding void, and the conviction without warrant or authority of law.

Because the information is without an authorized complaint to support it, the conviction is without legal basis and must be set aside.

The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.