## LEE BYROM v. STATE.

No. 24500. January 11, 1950.

*Charles D. Butts* and *Allen, Locke & Kouri,* Wichita Falls, for appellant.

*Clyde Suddath,* County Attorney, Henrietta, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Upon considering appellant's motion for rehearing, the opinion approved by this court on the 16th day of November, 1949, is hereby withdrawn and the following substituted in lieu thereof.

This is a conviction for burglary, with punishment assessed at four years' confinement in the penitentiary.

The sole question presented for review is whether the jury was guilty of misconduct in commenting upon the failure of the appellant to testify.

Upon the hearing of the motion for new trial, all the jurors testified. This testimony has been brought forward in a bill of exception. It would serve no useful purpose to here detail this testimony. It is sufficient to say that during the deliberation of the jury and before the jurors had reached their verdict as to appellant's guilt, his failure to testify as a witness in his own behalf was mentioned by one or two members of the jury.

The foreman of the jury immediately called the jurors' attention to the fact that they were not to mention or consider such fact, and further reference thereto was suppressed.

A casual reference by the jury, during deliberations, to the failure of the accused to testify does not vitiate the verdict. To constitute reversible error, such reference must amount to a discussion by the jurors or be used as a circumstance against the accused. Lovell v. State, 123 Tex. Cr. R. 619, 60 S. W. 2d 208; Graham v. State, 123 Tex. Cr. R. 121, 57 S. W. 2d 850.

The bill complaining of the conduct of the jury was approved by the court who attempted to qualify same. It it noted, however, that exception was taken to such qualification, leaving the bill approved as presented.

The judgment of the trial court is affirmed.