**Thomas CLARK, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38613.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Rehearing Denied Feb. 23, 1966.

———◇———

·Roy Engelke, La Marque, for appellant.

Jules Damiani, Jr., Dist. Atty., Raymond E. Magee and Ronald L. Wilson, Asst. Dist. Attys., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is unlawful sale of a narcotic drug, marijuana; the punishment is life imprisonment.

The evidence reveals that Agent R. B. Merriweather of the Federal Bureau of Narcotics, while acting in an undercover capacity, first met appellant on May 28, 1964, and talked with him on several occasions during the following six weeks. On July 8, Agent Merriweather met two other Federal Bureau of Narcotics agents at the Houston branch office of that government agency at about 7 p. m. and proceeded to Galveston County where they conferred with two officers from the La Marque Police Department. At about 8:30 p. m. Agent Merriweather left La Marque in an unmarked government vehicle and drove alone into the city of Galveston. The other federal agents and the two policemen followed in another vehicle, which they parked, as previously planned, in an alleyway near the Galveston train station. Agent Merriweather meanwhile proceeded to an apartment at 21–G Palm Terrace where appellant admitted him and led him into an upstairs bedroom. Appellant closed the door and drew the window shades closed, then showed the agent some marijuana cigarettes. Agent Merriweather told appellant that he wanted heroin, but consented to buy these cigarettes, after ap-

pellant informed him that the marijuana was "all he had" because he was short of money and had been unable to locate his source of supply for heroin. The agent then gave appellant a $5 bill in exchange for five cigarettes. He then rendezvoused with the other four officers and returned to the La Marque Police Station, where the contents of the cigarettes was examined by Agents Merriweather and W. T. Benedict, Jr. and Police Officers Walter Feigle and Jerry Larson. Each of these men was called as a witness for the State, and each testified that, in his opinion, the cigarettes contained marijuana.

K. B. Anderson, Jr., another witness for the State, testified that he was a chemist employed for the past 13 years by the Alcohol and Tobacco Tax Division of the United States Treasury Department, and that his job consisted of analyzing alcoholic products, moonshine mash, and narcotics. He stated that he had analyzed the contents of the five cigarettes purchased from appellant, and identified the substance therein as marijuana.

It was properly shown that appellant had been previously convicted for the unlawful sale of marijuana, and that this conviction became final prior to the commission of the offense for which he was then being tried.

■ Appellant called no witnesses to contradict the evidence adduced by the State, and this evidence is sufficient to sustain the jury's finding of guilty as to the primary offense and for the purpose of enhancement under Section 23 of Article 725b, Vernon's Ann.P.C.

On Monday morning, December 7, 1964, the day before appellant's trial began, appellant was brought into the courtroom handcuffed to another prisoner named Eatherly. Appellant was wearing prison attire, consisting of a white "jumper" with a large black "P" on the back, white duck trousers which also had the letter "P" stenciled or painted upon them, and rubber

sandals which left his feet exposed. In the courtroom at this time was at least part of the jury panel from which the jury for appellant's trial was later selected. The other prisoner, Eatherly, was found, at a sanity hearing that afternoon, to be insane by a jury selected from this same jury panel. Four of the members of the jury at Eatherly's trial were also jurors in appellant's trial. Both prisoners were taken through the courtroom to the "lock-up" situated adjacent to the courtroom, where their handcuffs were removed. When the Eatherly sanity trial was recessed for lunch that day, appellant was brought from the "lock-up" into the courtroom, handcuffed to Eatherly, and taken from the courtroom in the presence of at least some of the members of the sanity trial jury.

Prior to the empaneling of the jury for appellant's trial, appellant filed a motion to quash the jury panel on the grounds that these transactions, wherein appellant was led through the courtroom clad in prison clothing and handcuffed to another prisoner in the view of members of the jury panel, seriously impaired appellant's right to presumption of innocence.

On the morning of December 8 a hearing was held on appellant's motion after which the motion was overruled. Afterwards, a jury was selected, empaneled, and sworn. Appellant was dressed in civilian clothes of his own choice. This jury found appellant guilty as charged, and sentenced him to the maximum punishment allowed by law.

Appellant's motion for new trial, at which he again raised this issue supported by the affidavit of one juror, was also overruled, and appellant now contends that the trial court's action in overruling each of these motions constitutes reversible error.

 This Court has long condemned the practice of bringing an accused into the courtroom or into the view of the jury or jury panel while handcuffed. Mouton v. State, 155 Tex.Cr.R. 450, 235 S.W.2d

645; Gray v. State, 99 Tex.Cr.R. 305, 268 S.W. 941; Powell v. State, 50 Tex.Cr.R. 592, 99 S.W. 1005. When the prospective jurors were being examined, appellant and his counsel were no doubt aware that some of the panel had been in the courtroom the previous morning when appellant was brought in. It is not shown that all of the jury panel witnessed appellant when he was handcuffed and clad in prison clothing. Through voir dire examination and challenges, appellant might have eliminated from the jury all those who had witnessed the events of the preceding day. He has failed to show that he was forced to accept a juror who was prejudiced. Hardy v. State, 161 Tex.Cr.R. 637, 279 S.W.2d 345; Burks v. State, 50 Tex.Cr.R. 47, 94 S.W. 1040; also see annotation at 76 A.L.R.2d 678.

There is no indication that appellant was forced to appear under similar degrading and prejudicial circumstances after the selection of the jury was completed. Under these facts, we find no error in the trial court's action in overruling appellant's motions.

Eight of appellant's 17 points of error are concerned with the issues of entrapment and accomplice testimony. Appellant contends that the trial court erred in overruling his motion to disregard Agent Merriweather's testimony and certain State's exhibits, because he contends that Merriweather was an accomplice and his testimony was uncorroborated, and also that the evidence was obtained by entrapment. The trial court also refused appellant's requested instructions on the law of entrapment and accomplice testimony.

 It is uncontradicted that appellant made an unsolicited offer to sell narcotics to Merriweather shortly after they met. On cross-examination, the agent testified as follows:

Q: "Mr. Merriweather, prior to your obtaining this non-narcotic substance,

before that time, did you ask Mr. Clarke for some Heroin?"

A: "No, sir, I did not."

Q: "How did he know you wanted it?"

A: "Mr. Clarke, sir, on the evening of May 28, had met me and had told me that he could get me a gram of Heroin, sir, for $65.00. To this, I agreed."

Q: "You agreed to buy it?"

A: "Yes, sir."

\* \* \* \* \* \*

Q: "Prior to that, had you indicated you were a user of Heroin?"

A: "No, sir, I had not."

Q: "Had you indicated that you were a user of narcotics?"

A: "No, sir, I had not."

A careful review of the facts reveals that the conduct of Agent Merriweather, subsequent to this offer to sell, merely afforded appellant the opportunity to complete that sale.

■ In Alexander v. State, 168 Tex.Cr. R. 288, 325 S.W.2d 139 we set out the pertinent rule:

" \* \* \* the agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." 325 S.W.2d 140.

■ Concerning entrapment, Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, states the rule to which this Court has continued to adhere:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute a defense." 343 S.W.2d 454; also Vela v. State, Tex.Cr.App., 373 S.W.2d 505; Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762.

The record clearly shows that the criminal design in this case originated in the mind of appellant, and under the rule quoted above in Alexander, Agent Merriweather was not an accomplice.

■ It was therefore not necessary that his testimony be corroborated, nor was it error for the trial court to refuse to charge the jury on this issue. Masters v. State, 170 Tex.Cr.R. 471, 341 S.W.2d 938, 85 A.L.R.2d 1123. Likewise, as there was no evidence to raise the issue of entrapment, we find no error in the action of the trial court concerning this issue. McKinney v. State, Tex.Cr.App., 372 S.W. 2d 699; Beck v. State, 172 Tex.Cr.R. 534, 360 S.W.2d 410; Cox v. State, 169 Tex.Cr. R. 332, 333 S.W.2d 849.

■ We further find that the trial judge properly allowed the State to show that appellant had, on a prior occasion, sold heroin to Agent Merriweather. In his charge, the trial court limited consideration of this evidence to the issue of motive, system, intent, and identity of appellant, and the evidence of the extraneous offense was admissible for that purpose.

■ Appellant contends that his motion for new trial should have been granted because of jury misconduct. Juror Croft testified that during its deliberations the jury discussed appellant's failure to testify in his behalf. It is evident from the statement of facts adduced at this hearing that Croft was interested in impeaching his verdict. He stated at one point, "Well, I felt if was an injustice done after I got

my thoughts back together, in fact, after I got home Thursday night, and so I felt maybe there was some way I could help Mr. Clarke to get a new trial." Juror Krupala testified that no mention was made of appellant's failure to take the witness stand. The only evidence to support juror Croft's testimony was elicited from juror Thornton, who testified that the only reference to appellant's failure to testify was the conjecture of one unidentified juror who stated, "I wonder why he didn't." The bare allusion to appellant's failure to testify is not violative of Article 710, Vernon's Ann.C.C.P. De La Rosa v. State, 167 Tex.Cr.R. 28, 317 S.W.2d 544; Byrom v. State, 154 Tex.Cr.R. 121, 225 S.W.2d 842; Bartlett v. State, 123 Tex.Cr.R. 464, 59 S.W. 2d 157. The contradicting testimony of jurors Croft and Krupala raised· an issue of fact which the trial court, in overruling appellant's motion for new trial, resolved against . appellant, which finding is binding on this Court. Scott v. State, 163 Tex. Cr.R. 15, 288 S.W.2d 796; see also Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883. We also find no merit to appellant's other contentions concerning jury misconduct.

■ There was no error in the trial court's refusal of appellant's requested instruction to the effect that the jury must find beyond a reasonable doubt that the substance alleged to have been sold was in fact marijuana. There is no showing that this instruction was timely requested. Wishnow v. State, 166 Tex.Cr.R. 538, 316 S.W.2d 412.

Appellant's objections to the court's charge appear in a supplemental transcript and were filed with the trial court on July 8, 1965. The jury's verdict was rendered on December 10, 1964. The objections were not shown to have been timely made. Nothing is presented for review. Fuller v. State, Tex.Cr.App., 380 S.W.2d 619 and cases there cited.

We find no merit in appellant's other points of error.

The judgment is affirmed.