**Mike HOLLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61264.**

Court of Criminal Appeals of Texas.

Nov. 18, 1981.

Jerry Paquin, court appointed, Seminole, for appellant.

Joe K. McGill, County Atty., Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TOM G. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for delivery of marihuana of less than one-fourth ounce without remuneration. The punishment was assessed at sixty (60) days in the county jail and a fine of $200.00, probated.

On appeal appellant in a single ground contends the court erred in failing to grant his motion to set aside the misdemeanor complaint and information based on the variance between the two.

Omitting the formal parts, the complaint alleged that in Gaines County on or about the 25th day of April, 1978, the appellant "did then and there intentionally deliver to Zane Roberson a useable quantity of Marihuana . . . ."

Omitting the formal parts, the information alleged that in Gaines County on or about the 25th day of April, 1978, the appellant "did then and there knowingly and intentionally deliver to Zane Roberson, without receiving remuneration, a usable quantity of marihuana of not more than one-fourth ounce . . . ."

It is observed that the information alleges "knowingly" in addition to "intentionally" and alleges the delivery was "without receiving remuneration" and the quantity of marihuana was "of not more than one-fourth ounce."

Article 21.20, V.A.C.C.P., defines an information and Article 21.21 set forth its requisites.

Article 21.22, V.A.C.C.P., provides:

"No information shall be presented until affidavit [1] has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths." [2]

In 30 Tex.Jur.2d, § 11, p. 548, it is stated:

"When the prosecution is by information the accusatory pleading must be based on a proper complaint . . . ."

■ A valid complaint is a prerequisite to a valid information in a misdemeanor case. *Wheeler v. State*, 172 Tex.Cr.R. 21, 353 S.W.2d 463 (1962); *Addison v. State*, 283 S.W.2d 55 (Tex.Cr.App.1955); Article 21.22, supra, note 4, and cases there cited.

■ As early as 1811 the Court of Appeals in *Cole v. State*, 11 Tex.App. 67, held that particularity as a requisite in an information is not necessary in the complaint on which it is founded, nor are discrepancies between them of any consequence, provided there is accordance in substance. They should agree as to time and venue, and the names of the defendant and the injured party, and there should be substantial conformity in their allegations descriptive of the offense.

In 30 Tex.Jur.2d, Indictment and Information, § 12, p. 550, it is stated:

"The material allegations of an information must substantially conform to those of the complaint on which it is founded. The information must designate the same defendant, and where it names a person different from the one alleged in the complaint the variance is fatal. It must charge the same offense and the same particulars relating thereto,

and a variance is fatal where the complaint charges a felony and the information a misdemeanor, or where a different means or instrument is alleged by use of which the offense was committed. A material difference in the date of the offense alleged is also fatal, though the difference is but one day. On the other hand, an immaterial variance will not vitiate the information. A variance may be immaterial when the information uses or omits words not used or omitted in the complaint, both charging the same offense; when it uses different words descriptive of a weapon or of the place where the offense was committed, where in both instances the words have the same meaning; when it slightly misspells the name of the injured person, especially where his name is correctly spelled in other parts of the information, or when the variance exists in respect of a surplus or unnecessary allegation."

In 1 Branch's Anno.P.C., 2nd Ed., § 501, p. 488, it is written:

"When there is a substantial agreement between the information and the complaint on which it is based, a mere variance in the wording is not material."

In *Hardy v. State*, 161 Tex.Cr.R. 637, 279 S.W.2d 345 (1955), it was held that a variance may be immaterial when the information uses or omits words not used or omitted in the complaint if both instruments charge the same offense.

Turning again to the allegations of the instant complaint and information, attention is called to *Harris v. State*, 565 S.W.2d 66, 67, 68 (Tex.Cr.App.1978), where this court wrote:

"Vernon's Ann.Civ.St., Article 4476–15, Section 4.05—the Texas Controlled Substances Act—provides for offenses involv-

---

1. Frequently referred to elsewhere, particularly in decisional law, as a complaint.

2. This statute has been limited to misdemeanor cases by the majority decision in *Chapple v. State*, 521 S.W.2d 280 (Tex.Cr.App.1975). Article 1.141, V.A.C.C.P., provided for waiver of an indictment in non-capital felony cases. The constitutionality of such procedure was upheld

in *King v. State*, 473 S.W.2d 43 (Tex.Cr.App. 1971). In *Chapple* the court held that no affidavit or complaint need be filed to support a *felony* information as is required by Article 21.22, supra, in misdemeanor cases. In the instant case, however, we are dealing with a misdemeanor conviction.

ing the possession and delivery of marihuana. Specifically, Section 4.05(d), (e) and (f) state:

"'(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"'(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"'(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration.'

"In *Suarez v. State,* 532 S.W.2d 602, 603 (Tex.Cr.App.1976), we stated:

"'The proper interpretation of these statutory provisions is that (1) delivery of more than one-fourth ounce of marihuana is a felony of the third degree regardless of whether the delivery was for remuneration; (2) the delivery of any amount of marihuana for remuneration is a felony of the third degree; and (3) the delivery of less than one-fourth ounce of marihuana without remuneration is a Class B misdemeanor.'

Neither of the instant indictments allege the quantity of marihuana delivered or whether the delivery was for remuneration. Neither indictment alleges a felony offense, but both indictments allege offenses punishable as Class B misdemeanors."

In *Harris* the causes involved were ordered remanded to the district court to be transferred to a court having jurisdiction of the misdemeanor offense of delivery of marihuana.

In *Whitaker v. State,* 572 S.W.2d 956 (Tex.Cr.App.1978), and *Ex parte Osbourn,* 574 S.W.2d 568 (Tex.Cr.App.1978), it was stated that an indictment for delivery of marihuana that fails to allege the amount of marihuana delivered or whether the delivery was with remuneration does not allege a felony. The indictments were held to allege misdemeanors and the causes were remanded to the district court for transfer to a court having jurisdiction of the misdemeanor offense.

The instant complaint was more in the form of the indictments in *Harris, Whitaker* and *Osbourn.* It failed to allege the amount of the marihuana delivered or whether the delivery was for remuneration. It thus alleged a Class B misdemeanor under the Texas Controlled Substances Act and not a felony. Thus we do not have a situation where the complaint alleged a felony and the information a misdemeanor or vice versa. See and cf. *Kinley v. State,* 29 Tex.App. 532, 16 S.W. 339 (1891). Here the instant complaint alleged a Class B misdemeanor under *Harris, Whitaker* and *Osbourn,* and the information clearly and properly alleged a Class B misdemeanor under said § 4.05 of the Texas Controlled Substances Act (Article 4476–15, V.A.C.S.) based upon said affidavit or complaint, by adding a few more clarifying allegations.

We hold the variance between the complaint and the information here was not material, though the form is not commended. The question here should have been removed from the case upon the urging of the motion to set aside the information by re-filing the complaint and information without a variance. By not doing so the finality of this cause has been postponed, time and effort has been expended by both parties in preparing briefs for the purpose of appeal, an appellate record has to be prepared by the clerk, and another case has been added to the tremendous caseload of the Court of Criminal Appeals to further consume its time in research and the writing of an opinion. A practical solution is often the best solution to a legal question, and often taxpayers' money can be saved and the cause of justice advanced at the same time.

Finding that the trial court did not err in overruling the motion to set aside the information, the judgment is affirmed.