**The STATE of Texas, Appellant,**

v.

**Alfred Anthony SHAW, Appellee.**

**No. 3–91–324–CR.**

Court of Appeals of Texas, Austin.

Jan. 22, 1992.

Marcos Hernandez, Jr., Criminal Dist. Atty., David S. Watts, Asst. Dist. Atty., San Marcos, for State.

Michael Grazier, San Marcos, for appellee.

Before CARROLL, ABOUSSIE and KIDD, JJ.

PER CURIAM.

The State appeals an order of the county court at law dismissing this cause. Tex. Code Crim.Proc.Ann. art. 44.01(a)(1) (Supp. 1992). The underlying offense is speeding. Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 166, 169B (1977).

This cause originated in justice court, where appellee entered a plea of no contest. Appellee perfected his appeal to the county court at law. Tex.Code Crim.Proc. Ann. art. 44.14 (1979). By thereafter granting appellee's motion to dismiss, the county court at law terminated the criminal action and effectively discharged appellee from further prosecution. *See State v. Eaves*, 800 S.W.2d 220, 224 (Tex.Crim.App. 1990).

■ Appellee moved to dismiss the cause on two grounds. First, he urged that the justice court judgment was defective because it did not satisfy all the requisites of Tex.Code Crim.Proc.Ann. art. 42.01 (Supp. 1992).[1] This Court recently rejected the same contention in a case involving a substantially identical judgment. *State v. Campbell*, 820 S.W.2d 44 (Tex.App.—Austin 1991). For the reasons stated in *Camp-*

---

1. The motion did not identify the alleged defect in the judgment, and counsel for appellee did not refer to this portion of the motion at the hearing below. Appellee's brief in this Court is also silent as to the defect appellee claims to find in the justice court judgment.

*bell,* the judgment rendered by the justice court was adequate to confer appellate jurisdiction on the county court at law and appellee's motion to dismiss on this ground was without merit.

Appellee's second ground for dismissal was that the proceedings in the justice court were void because no formal complaint had been filed when he entered his plea.[2] This contention was without merit, as no formal complaint was required. Tex.Code Crim.Proc.Ann. art. 27.14(d) (1989).

Article 27.14(d) provides:

If written notice of a traffic violation for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the duplicate copy serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere." If the defendant pleads "not guilty" to the offense, a complaint shall be filed that conforms to the requirements of Article 45.01, Code of Criminal Procedure, 1965, and that complaint serves as an original complaint. A defendant may waive the filing of a sworn complaint and elect that the prosecution proceed on the written notice of the charged offense if the defendant agrees in writing with the prosecution, signs the agreement, and files it with the court.

In those prosecutions to which this statute is applicable, the written notice of traffic violation serves as a complaint to which the defendant may enter his plea. A formal complaint must be filed only if the defendant pleads not guilty, thus necessitating a trial.

Appellee urges that compliance with art. 27.14(d) is not shown. First, appellee argues that there is no showing that a written notice of traffic violation was filed with the justice court, or that a legible duplicate of the notice was given to him,

because a copy of the notice does not appear in the record. We conclude that while a copy of the notice is not in the record, compliance with art. 27.14(d) is otherwise demonstrated. The existence of the cause in justice court, and appellee's appearance and plea therein, are clear evidence that a notice of violation was filed with the court and delivered to appellee. In both his written waiver of jury trial and written plea of no contest, appellee stated that he "understands the nature of the charges against him." We also note that appellee referred to "the traffic citation issued to the defendant" in his motion to dismiss filed in the county court. We conclude that the record adequately demonstrates that a notice of traffic violation was prepared and filed with the justice court, and that a legible copy was delivered to appellee.

Next, appellee complains that he did not waive the filing of a complaint in the justice court, as required by the last sentence of art. 27.14(d). · Appellee misreads the statute. Under art. 27.14(d), a formal complaint is required to be filed in traffic offenses such as this only if the defendant pleads not guilty. If the defendant pleads guilty or no contest, no formal complaint is required and there is nothing for the defendant to waive. Because appellee pleaded no contest, the requirement that a formal complaint be filed was never triggered and, as a logical consequence, no waiver was necessary.

Finally, appellee urges that there is no showing that the notice of violation issued to him met the requisites of Tex. Rev.Civ.Stat.Ann. art. 6701d, § 148. Contrary to the argument in appellee's brief, art. 27.14(d) does not provide that the notice of traffic violation must comply with § 148 before it can serve as a complaint to which the defendant may enter his plea. Assuming such compliance is necessary, any noncompliance in this cause was waived by appellee's plea of no contest in

---

**2.** A complaint was filed six days later, on the day the written judgment of conviction was rendered.

the justice court. *See also* Tex.Code Crim. Proc.Ann. art. 45.27 (1979).

The order dismissing the cause is reversed, and the cause is remanded to the county court at law for further proceedings.