TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00408-CR







Robert Earl Stewart, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF SAN SABA COUNTY


NO. 5,623, HONORABLE HARLEN BARKER, JUDGE PRESIDING







PER CURIAM


 On appeal de novo from justice of the peace court, the county court found appellant guilty
of failing to safely overtake a vehicle on the left and assessed a fine of $500. Uniform Act Regulating
Traffic on Highways, 50th Leg., R.S., ch. 421, § 54, 1947 Tex. Gen. Laws 967, 976-77 (Tex. Rev. Civ.
Stat. Ann. art. 6701d, § 54(a), since amended and codified at Tex. Transp. Code Ann. § 545.053). (1) In
a single point of error, appellant contends the judgment of conviction is invalid because the underlying
complaint did not allege an offense or adequately inform appellant of the charges against him, and that the
county court erred by overruling his motion in arrest of judgment on that ground. See Tex. R. App. P.
33(b).

 The cause is before us without a statement of facts. From documents in the transcript, we
glean that this prosecution arose when appellant was issued a traffic ticket following an accident. The
citation described the violation as "failed to pass on left safely." Later, a formal complaint was filed in the
justice of the peace court alleging that appellant "unlawfully and wilfully fail[ed] to pass on left safely." The
day after the complaint was filed, appellant appeared by counsel, waived trial by jury, and pleaded no
contest. The justice of the peace adjudged him guilty and assessed a $68 fine.

 After perfecting his appeal to the county court, appellant filed a motion to quash the
complaint. By this motion, appellant urged for the first time that the complaint did not state an offense or
adequately allege the "particulars" of the offense. The county attorney responded to the motion to quash
by moving to amend the complaint. No ruling on this motion appears in the record and the complaint does
not appear to have been amended. Instead, the county attorney filed an information alleging that appellant
"unlawfully and willfully fail[ed] to overtake and pass at a safe distance another vehicle proceeding in the
same direction, namely: [the location of the offense], a public street and highway." Subsequently, the
motion to quash the complaint was overruled.

 Appellant contends the complaint was defective in three respects: (1) it did not allege an
offense against the laws of the State, (2) it did not state the offense in plain and intelligible words, and (3)
it did not sufficiently allege the details of the offense, and in particular did not allege that appellant was
driving a motor vehicle on a public road. See Tex. Code Crim. Proc. Ann. art. 45.17(2) (West 1979). 
He further contends that the subsequently filed information was a nullity because it did not conform to the
allegations contained in the complaint and, in any case, was not required for trial de novo in the county
court. See Blevins v. State, 672 S.W.2d 828, 829 (Tex. App.--Corpus Christi 1984, no pet.).

 In fact, neither the information nor the complaint were necessary in this cause. Because
appellant entered a plea of no contest, the citation served as the complaint in justice of the peace court and
the formal complaint was not necessary. State v. Shaw, 822 S.W.2d 807, 809 (Tex. App.--Austin 1992,
no pet.); Tex. Code Crim. Proc. Ann. art. 27.14(d) (West Supp. 1996). No information was required
because an appeal de novo from justice of the peace court is tried upon the original papers, and the
complaint in the justice court serves as the functional equivalent of an information in the county court. 
Blevins, 672 S.W.2d at 829.

 While there was no requirement that an information be filed, appellant cites no authority
to support his contention that the information was a nullity for that reason. His complaint that the
information does not conform to the complaint is without merit. An information and its supporting complaint
should agree as to time, venue, and names of the parties, and there should be substantial conformity in their
descriptions of the offense. Holland v. State, 623 S.W.2d 651, 652 (Tex. Crim. App. 1981). It is not
necessary, however, that the complaint describe the offense with the same particularity required in the
information. Id.

 Even if we assume that appellant is correct when he characterizes the information as a
nullity, the complaint was sufficient to support the judgment. While the complaint did not track the language
of the statute, the allegation that appellant "unlawfully and wilfully fail[ed] to pass on left safely" alleged a
violation of article 6701d, section 54(a) in plain and intelligible words. To the extent the complaint failed
to allege necessary details concerning the offense, this defect has not been shown to have prejudiced
appellant's substantial rights. Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). All of the
details of the offense appellant complains were missing from the complaint were contained in the traffic
citation. (2) In the absence of a statement of facts, we cannot determine if the wording of the complaint
impaired appellant's ability to prepare a defense. Adams, 707 S.W.2d at 903; Craven v. State, 613
S.W.2d 488, 490 (Tex. Crim. App. 1981).

 The county court did not err by overruling the motion in arrest of judgment. The judgment
of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 23, 1996

Do Not Publish
1.   Former art. 6701d, § 54(a) provided: "The driver of a vehicle overtaking another vehicle
proceeding in the same direction shall pass to the left thereof at a safe distance and shall not
again drive to the right side of the roadway until safely clear of the overtaken vehicle."
2.   The citation reflects that the offense occurred at 9:15 p.m. on March 18, 1995, on Farm
Road 501 at County Road 281. It further reflects that appellant was driving a tan 1989 Ford
pickup.



offense. The county attorney responded to the motion to quash
by moving to amend the complaint. No ruling on this motion appears in the record and the complaint does
not appear to have been amended. Instead, the county attorney filed an information alleging that appellant
"unlawfully and willfully fail[ed] to overtake and pass at a safe distance another vehicle proceeding in the
same direction, namely: [the location of the offense], a public street and highway." Subsequently, the
motion to quash the complaint was overruled.

 Appellant contends the complaint was defective in three respects: (1) it did not allege an
offense against the laws of the State, (2) it did not state the offense in plain and intelligible words, and (3)
it did not sufficiently allege the details of the offense, and in particular did not allege that appellant was
driving a motor vehicle on a public road. See Tex. Code Crim. Proc. Ann. art. 45.17(2) (West 1979). 
He further contends that the subsequently filed information was a nullity because it did not conform to the
allegations contained in the complaint and, in any case, was not required for trial de novo in the county
court. See Blevins v. State, 672 S.W.2d 828, 829 (Tex. App.--Corpus Christi 1984, no pet.).

 In fact, neither the information nor the complaint were necessary in this cause. Because
appellant entered a plea of no contest, the citation served as the complaint in justice of the peace court and
the formal complaint was not ne