NO. 07-02-0439-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 3, 2003



______________________________




SHANON LEE THOMAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF ARMSTRONG COUNTY;



NO. 2538; HONORABLE HUGH REED, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In presenting one question of law for our decision, appellant Shanon Lee Thomas
contends his conviction of the Class C Misdemeanor offense of speeding must be
reversed. His complaint and challenge are based upon the State's failure to file a formal
complaint before trial de novo in the County Court of Armstrong County. Disagreeing that
reversal is required, we affirm the judgment of the trial court.

 The underlying facts and the procedural history of this case are undisputed. On
December 24, 2001, appellant was driving on a public highway in Armstrong County when
he was stopped by a Department of Public Safety Trooper. As a result of the stop, the
trooper issued a citation, charging that appellant was driving 95 miles per hour in an area
with a posted speed limit of 70 miles per hour.

 In the justice court, appellant appeared by counsel, who filed a written nolo
contendere plea. Contemporaneously with the plea, counsel filed an appeal bond seeking
appeal to the Armstrong County Court. When the case was called for trial in the county
court, appellant unsuccessfully sought dismissal of the prosecution on the basis that the
State had never filed a complaint or information meeting the requirements of article 45.019
of the Code of Criminal Procedure (the Code). At trial, the only testimony produced was
that of the trooper. At the conclusion of the bench trial, appellant was assessed a fine of
$200 and court costs.

 In support of his sole point of error, appellant initially cites article 27.14(d) of the
Code. That article provides that for a misdemeanor offense for which the maximum
punishment is a fine, written notice of an offense "serves as a complaint to which the
defendant may plead 'guilty,' 'not guilty,' or 'nolo contendere.'" However, the article goes
on to provide that if the defendant pleads not guilty, "a complaint shall be filed that
conforms to the requirements of Chapter 45 of this Code, and that complaint serves as an
original complaint." Tex. Code Crim. Proc. Ann. art. 27.14(d) (Vernon Pamph. 2003). 
Appellant argues that because of his not guilty plea in the county court, the requirement of
a complaint meeting the requirements of Chapter 45 became operative. In responding, the
State concedes that the county court erred in proceeding to trial without a complaint
meeting Chapter 45 requirements, but it contends the error was harmless

 In support of his proposition that reversal is required, appellant cites two cases,
namely, State v. Campbell, 820 S.W.2d 44 (Tex.App.-Austin 1991, pet. ref'd), and State
v. Shaw, 822 S.W.2d 807 (Tex.App.-Austin 1992, no pet.). That reliance requires a
discussion of the two cases. In each case, the State was appealing a dismissal by the
county court at law of a speeding charge upon which the appellant had been found guilty
in the justice court. In Campbell, the county court at law had reversed and dismissed the
cause because of perceived deficiencies in the justice court's judgment. In reversing that
dismissal, the appellate court held that when Campbell appealed the justice court judgment
against him, he "stood before the county court at law as if the prosecution began in that
court, unaffected by what might have happened in the justice court." Thus, the justice court
judgment was a nullity and any deficiencies in that judgment did not matter. 820 S.W.2d
at 45. 

 In Shaw, the defendant moved for dismissal of the de novo trial in the county court
at law on the basis that no complaint meeting the requisites of the progenitor of present
Chapter 45 of the Code (2) had been filed in the justice court at the time the defendant pled
nolo contendere in that court. The appellate court reversed the dismissal because
"appellee (the defendant) pleaded no contest, the requirement that a formal complaint was
never triggered . . ." 822 S.W.2d at 809. (3) Thus, the Shaw court's relevant holding here
was that the procedure concerning the necessity for a complaint in the justice court carried
forward to the trial de novo in the county court. Neither of these decisions support
appellant's argument and indeed militate against it. 

 We agree with the interpretation given the statute by the Austin court. By filing his
nolo contendere plea, appellant obviated the necessity for the filing of a formal complaint
by the State. Therefore, under this record, there is no reversible error.

 Accordingly, the judgment of the trial court is affirmed.

 

 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 1977).
3. But see, Tex. Atty Gen.Op. JM-869 (1988).



 UnhideWhenUsed="false" Name="Colorful List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0367-CR

NO. 07-10-0368-CR

                                                                              

                                                   IN THE COURT OF
APPEALS

 

                                       FOR THE SEVENTH DISTRICT OF
TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            OCTOBER
20, 2010

                                            ______________________________

 

                                                                CARLOS
VIGIL,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF
TEXAS, 

 

                                                                                                            Appellee

 

________________________________

 

                        FROM THE 251st DISTRICT COURT OF POTTER
COUNTY;

 

                       NOS. 57,173-C, 57,174-C; HON. ANA ESTEVEZ,
PRESIDING

                                           _______________________________

                                                                              

                                               ON ABATEMENT AND
REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK, JJ.

Appellant appeals from his convictions for indecency with a child.  Neither the clerks record nor the reporters
records have been filed.  Counsel for
appellant has filed a motion to withdraw, stating that he has not been employed
to represent appellant in these appeals. 
Counsel further states that appellant has filed an affidavit of
indigence.

Accordingly, we
abate these appeals and remand the causes to the 251st District Court of Potter
County (trial court) for further proceedings. 
Upon remand, the trial court shall determine, by reasonable evidentiary
procedure it selects, the following:

1.  whether appellant
desires to prosecute the appeals; 

         2. 
whether appellant is indigent; and, if so,

3.  whether the appellant is entitled to a free appellate record
in each case and the appointment of an attorney due to his indigency. 

 

The trial court
is also directed to enter such orders necessary to address the aforementioned
questions.  So too shall it include its
findings on those matters (including the name, address, and phone number of any
attorney it may appoint to represent appellant in these appeals) in a
supplemental record in each case and cause those records to be filed with this
court by November 19, 2010.  Should
further time be needed to perform these tasks, then same must be requested
before November 19, 2010.  In the
meantime, all other appellate deadlines and counsels motion to withdraw are
stayed until further order of this court.

It is so
ordered.

Per Curiam

Do not publish.