NO. 07-02-0439-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 3, 2003

_____


SHANON LEE THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF ARMSTRONG COUNTY;

NO. 2538; HONORABLE HUGH REED, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]


In presenting one question of law for our decision, appellant Shanon Lee Thomas contends his conviction of the Class C Misdemeanor offense of speeding must be reversed. His complaint and challenge are based upon the State's failure to file a formal

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

complaint before trial *de novo* in the County Court of Armstrong County. Disagreeing that reversal is required, we affirm the judgment of the trial court.

The underlying facts and the procedural history of this case are undisputed. On December 24, 2001, appellant was driving on a public highway in Armstrong County when he was stopped by a Department of Public Safety Trooper. As a result of the stop, the trooper issued a citation, charging that appellant was driving 95 miles per hour in an area with a posted speed limit of 70 miles per hour.

In the justice court, appellant appeared by counsel, who filed a written *nolo contendere* plea. Contemporaneously with the plea, counsel filed an appeal bond seeking appeal to the Armstrong County Court. When the case was called for trial in the county court, appellant unsuccessfully sought dismissal of the prosecution on the basis that the State had never filed a complaint or information meeting the requirements of article 45.019 of the Code of Criminal Procedure (the Code). At trial, the only testimony produced was that of the trooper. At the conclusion of the bench trial, appellant was assessed a fine of $200 and court costs.

In support of his sole point of error, appellant initially cites article 27.14(d) of the Code. That article provides that for a misdemeanor offense for which the maximum punishment is a fine, written notice of an offense "serves as a complaint to which the defendant may plead 'guilty,' 'not guilty,' or '*nolo contendere*.'" However, the article goes on to provide that if the defendant pleads not guilty, "a complaint shall be filed that

2

conforms to the requirements of Chapter 45 of this Code, and that complaint serves as an original complaint."  Tex. Code Crim. Proc. Ann. art. 27.14(d) (Vernon Pamph. 2003). Appellant argues that because of his not guilty plea in the county court, the requirement of a complaint meeting the requirements of Chapter 45 became operative.  In responding, the State concedes that the county court erred in proceeding to trial without a complaint meeting Chapter 45 requirements, but it contends the error was harmless

In support of his proposition that reversal is required, appellant cites two cases, namely, *State v. Campbell*, 820 S.W.2d 44 (Tex.App.–Austin 1991, pet. ref'd), and *State v. Shaw*, 822 S.W.2d 807 (Tex.App.–Austin 1992, no pet.).  That reliance requires a discussion of the two cases.  In each case, the State was appealing a dismissal by the county court at law of a speeding charge upon which the appellant had been found guilty in the justice court.  In *Campbell,* the county court at law had reversed and dismissed the cause because of perceived deficiencies in the justice court's judgment.  In reversing that dismissal, the appellate court held that when Campbell appealed the justice court judgment against him, he "stood before the county court at law as if the prosecution began in that court, unaffected by what might have happened in the justice court."  Thus, the justice court judgment was a nullity and any deficiencies in that judgment did not matter.  820 S.W.2d at 45.

In *Shaw*, the defendant moved for dismissal of the *de novo* trial in the county court at law on the basis that no complaint meeting the requisites of the progenitor of present

3

Chapter 45 of the Code[2] had been filed in the justice court at the time the defendant pled *nolo contendere* in that court. The appellate court reversed the dismissal because "appellee (the defendant) pleaded no contest, the requirement that a formal complaint was never triggered . . ." 822 S.W.2d at 809.[3] Thus, the *Shaw* court's relevant holding here was that the procedure concerning the necessity for a complaint in the justice court carried forward to the trial *de novo* in the county court. Neither of these decisions support appellant's argument and indeed militate against it.

We agree with the interpretation given the statute by the Austin court. By filing his *nolo contendere* plea, appellant obviated the necessity for the filing of a formal complaint by the State. Therefore, under this record, there is no reversible error.

Accordingly, the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

---

[2]Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 1977).

[3]*But see*, Tex. Atty Gen.Op. JM-869 (1988).