Opinion issued July 1, 2004



     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00206-CR
           01-04-00207-CR 
          01-04-00208-CR




MICHAEL F. PALMA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause Nos. 5406, 5407, 5408 




MEMORANDUM OPINION

          Appellant, Michael F. Palma, was charged by complaint with failure to display
a valid driver’s license, driving with expired registration, and driving with an expired
inspection sticker. Following a jury trial in the municipal court of record, appellant
was found guilty and fined $500. Appellant appealed to the county criminal court at
law, raising seven issues on appeal.


 The county court affirmed the municipal court’s
judgment. Appellant brings this appeal.



          We affirm.
Adequacy of Charging Instrument
          In his first issue on appeal, appellant contends the proceedings in the municipal
court were void because no formal complaint had been filed when his plea of “not
guilty” was entered.
 
          In those prosecutions to which Code of Criminal Procedure article 27.14(d) is
applicable, a written notice of a traffic violation serves as a complaint to which the
defendant may enter his plea. State v. Shaw, 822 S.W.2d 807, 809 (Tex.
App.—Austin 1992, no pet.). A formal complaint is only required if the defendant
pleads not guilty, thus necessitating a trial. Tex. Code Crim. Proc. art. 27.14(d)
(Vernon Supp. 2004); Shaw, 822 S.W.2d at 809. Code of Criminal Procedure article
27.14(d) applies to those offenses “for which maximum possible punishment is by
fine only or of a violation relating to the manner, time, and place of parking.” Tex.
Code Crim. Proc. art. 27.14(d).
          In the instant case, the maximum possible punishment for appellant’s offenses
was by fine only. Appellant received a written notice of the traffic violations for
which he was accused. The notice was received on July 19, 2003. After appellant
pled “not guilty,” formal complaints were filed on August 26, 2003. Trial
commenced on October 16, 2003. Thus, appellant received a notice of the traffic
violations prior to his plea of “not guilty” and formal complaints were subsequently
filed with the municipal court prior to trial. 
          We hold that Code of Criminal Procedure article 27.14(d) was applicable to the
offenses for which appellant was convicted. We further hold that the procedural
requirements of article 27.14(d) were complied with by the trial court.
          We overrule appellant’s first issue on appeal.
 
Factual Sufficiency of the Evidence
          In his second issue on appeal, appellant contends that the evidence was
factually insufficient to convict him of the charged offenses because “the prosecutor
did not enter credible evidence in the record.” 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole neutrally, not in the light most favorable to the prosecution. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency
review, we may not substitute our own judgment for that of the fact finder. Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The trier-of-fact is the sole
judge of the weight and credibility of the witness testimony. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App.2000).
          The Court of Criminal Appeals has recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of 
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant 
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          At trial, the State presented the testimony of Houston Police Officer C.
Anderson, the citing officer. Officer Anderson testified that, on July 19, 2003, he
initiated a traffic stop of appellant, after noticing appellant driving a car with an
expired registration decal and an expired inspection sticker. Officer Anderson further
testified that appellant was unable to produce valid inspection or registration upon
request. During the traffic stop, Officer Anderson asked for appellant’s driver’s
license and discovered that appellant’s driver’s license was expired as well. 
Appellant was unable to produce a valid driver’s license.
          Appellant also testified at trial. During cross-examination, appellant conceded
that, on July 19, 2003, his driver’s license was expired. He further conceded that, on
the same date, the inspection and registration of the car he was driving were also
expired. 
          Appellant directs us to no specific evidence which undermines the jury’s
verdict. 
 
 
          We hold that the State presented factually sufficient evidence to support
appellant’s convictions.
           We overrule appellant’s second issue on appeal.
Discovery Order
          Appellant’s third issue on appeal consists entirely of the following:
Judge Gee ordered the prosecutor to return to appellant the Request for
Admissions. The prosecutor failed to produce the Admissions until
demanded by the Appellant. The responses indicated that (sic) the
person filling out this paperwork, nor the prosecutor, knew the basics
about their “oath,” the Constitution of the United States of America, the
Constitution of the State of Texas, current statutes, Federal Supreme
Court decisions or State Supreme Court decisions.

          Appellant’s third issue on appeal is not sufficiently developed because it
provides no argument or authority to show why the actions of the trial court were
erroneous. Tex. R. App. P. 38.1. We will not decide an issue on appeal without
proper argument and authority showing why the actions of the trial court were in
error. Foster v. State, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). Therefore, we hold this issue on appeal is inadequately briefed, and, as such,
is waived. See id.
          We overrule appellant’s third issue on appeal.
 
 
 
Nature and Cause of Offense
          Appellant’s fourth issue on appeal consists of the following argument:
The governing law of jurisdiction dictates that, when requested, the
accused has a right to obtain the Nature and Cause of the offenses before
any proceedings begin. All judges in this proceeding failed to present
the Nature and Cause of the offenses. Hence this honorable court must
void all prior proceedings.

          An accused in a criminal case is guaranteed the right to demand the nature and
cause of the action against him. DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim.
App. 1988). Notice of the nature and cause of an action against a criminal defendant
is accomplished by the filing of a charging instrument if the charging instrument is
sufficient to give the accused adequate notice of the acts he allegedly committed, to
bar a subsequent prosecution for the same offense, and to give the accused notice of
the precise offense with which he is charged. See Smith v. State, 895 S.W.2d 449,
453 (Tex. App.—Dallas 1995, pet. ref’d). 
          In the instant case, appellant was served with a legible copy of the traffic
citation in which each offense was listed. The trial court filed the citation, and
appellant appeared in the trial court at the time and place on the citation. After
appellant pled “not guilty,” complaints were filed as to all three offenses. Prior to the
trial proceedings, the prosecutor read the charges against appellant and appellant pled
to each charge.
 
          We hold that appellant was given adequate notice of the nature and cause of
the actions against him. 
          We overrule appellant’s fourth issue on appeal.
Conclusion
          We affirm the judgment of the trial court.
 



                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).