**Rusty Leon OSBAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00051–CR.**

Court of Appeals of Texas,
Dallas.

March 25, 1983.

Discretionary Review Granted
July 13, 1983.

Frank Jackson, Angie Henson, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction for theft, a third degree felony. The jury assessed punishment at confinement in the Texas Department of Corrections for two years and imposition of a $3,000 fine. Appellant presents seven grounds of error. We will address only the ground which is dispositive of the appeal, and then consider the sufficiency of the evidence. Appellant contends that the trial court erred in overruling the motion to suppress evidence seized from the trunk of appellant's automobile. We agree and reverse.

■ Prior to trial a hearing was held on appellant's motion to suppress. The evidence presented during the hearing showed that M.W. Dean, a Dallas police officer on September 6, 1980, had occasion to observe the appellant driving an automobile [1] on the streets of the city of Dallas. Prior to this date Officer Dean had been informed by three named Dallas police officers that appellant's operator's license had been suspended through April, 1981. Officer Dean stopped appellant, who produced a valid Oklahoma license. Officer Dean checked through his dispatcher, and upon confirming that Osban's Texas license had been suspended, placed Osban under arrest. Officer Dean then called for a wrecker to impound the vehicle, and at that time conducted an inventory search of the vehicle. Dean found three "Black Mollies" in the ashtray and approximately $3,000 in the front compartment of the car. He found nothing in the rear passenger area of the car. He testified that he had "no reason to believe (the) trunk contained contraband." In making the inventory search Officer

---

1. Before stopping the appellant Officer Dean had checked the registration of the vehicle and found it was registered to appellant at a Dallas address.

Dean took the key from the ignition, opened the *locked* trunk, and there found among the contents eight handguns, four of which were introduced into evidence. Complainant identified five of the guns as guns stolen from his apartment; four of them were the basis for the indictment. The trial court denied appellant's motion to suppress.

We hold that the inventory search of the locked trunk was an unlawful search. *Gill v. State*, 625 S.W.2d 307, 317–320 (Tex.Cr. App.1981) (*en banc*) (on motion for rehearing). *Cf. United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (probable cause search of automobile trunk); *Nickerson v. State*, 645 S.W.2d 888 (Tex.App.—Dallas 1983) (probable cause search of automobile trunk). The fact that a small quantity of suspected contraband and a large amount of cash were found in the front seat area of the vehicle does not amount to probable cause to search the trunk. *Gill* at p. 311. The trial court erred in denying the motion to suppress the items seized from the trunk.

■ Appellant also contends that the evidence is insufficient. We have reviewed the evidence in the light most favorable to the verdict and find that had the items seized from the truck been excluded from the evidence, the evidence is insufficient to support the conviction. Further prosecution for this offense is prohibited. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed and the trial court is directed to enter a verdict of acquittal in this cause.