**Gary Pat DART, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–238–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 17, 1990.

Rehearing Overruled Nov. 20, 1990.

Catherine Zellers and Dennis M. Morrow, Weatherford (on appeal only), for appellant.

Amy Ayers Adams, Dist. Atty., Don Schnebly and Christopher A. Curtis, Asst. Dist. Attys., for appellee.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

## OPINION

HILL, Justice.

Gary Pat Dart appeals his conviction by a jury for the offense of aggravated possession of a controlled substance, phenylacetone. The jury assessed his punishment, which was enhanced by prior convictions, at life imprisonment in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. Dart contends in six points of error that the trial court erred by: (1) failing to suppress evidence obtained in an illegal inventory search of the trunk of his automobile; (2) admitting his written statement into evidence, because it was a result of the illegal inventory search and tainted by the same illegality, and because it was involuntary since it was obtained by promises made to Dart and because it was obtained after he had expressed a need to talk to a lawyer; and (3) overruling his motion for the appointment of a chemist to analyze the substances upon which the charge was based. He also contends that the evidence is insufficient to support his conviction due to a failure in proof as to the chain of custody.

We affirm. We hold that: (1) the search of Dart's automobile was a valid inventory search; (2) therefore, Dart's written statement was not obtained as a result of an illegal search; (3) the trial court's determination that Dart gave a written statement voluntarily, that he was not promised anything in return for giving the statement, and that he never requested an attorney, either before or during the giving of the statement is supported by the evidence; (4) the evidence is sufficient to support the conviction because no break in the chain of custody of the controlled substance was shown, there was no objection to the admission of the controlled substance based on a break in the chain of custody, and because, in the absence of some evidence of tampering, any chain of custody objection goes to the weight and not to the admissibility of the evidence; and (5) the trial court did not err by overruling Dart's request for the appointment of an independent chemist because the substance Dart sought to have analyzed was not the substance relied on by the State for conviction, and because we hold, beyond a reasonable doubt, that any error of the trial court in failing to make such an appointment did not contribute either to Dart's conviction or to the punishment assessed.

■ Dart contends in points of error numbers one and two that the trial court erred by failing to suppress evidence obtained in an illegal inventory search of the trunk of his automobile, in violation of the Fourth Amendment to the United States Constitution, article I, section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure. He urges that the State failed to prove that the search was a proper inventory search.

Dart was stopped by Azle Police Officer Vernon Leonard in Azle on February 2, 1988, after Dart failed to stop for a school bus that was letting out students. He was arrested when it was discovered that he was wanted on a warrant from the City of Fort Worth. Since Dart was by himself, Officer Leonard impounded his automobile. Pursuant to Azle Police Department policy, Officer Leonard, using a key, inventoried the automobile, including the trunk. Officer Leonard found liquids that were later determined to contain phenylacetone inside an ice chest in the trunk. We hold that the evidence obtained through this inventory search was properly admitted. *See Stephen v. State*, 677 S.W.2d 42, 44–45 (Tex. Crim.App.1984).

■ Dart contends that probable cause is necessary before the arresting police officer may inventory a locked trunk, and that there was no probable cause to show that there was any contraband located in the trunk. The purpose of an inventory search is to protect the owner's property while it is in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers. *Kelley v. State*, 677 S.W.2d 34, 37 (Tex.Crim.App.1984). These purposes are served in the inventory search of a locked trunk, whether or not there is "probable cause" to search it. We hold that the question of probable cause is

not relevant in determining the propriety of an inventory search.

Dart relies on the case of *Osban v. State*, 726 S.W.2d 107 (Tex.Crim.App.1986) (opinion on reh'g), in support of his contention that probable cause is necessary to support an inventory search of a locked trunk. Although the Court of Appeals opinion referred to the search of Osban's vehicle as an inventory search, the Court of Criminal Appeals opinion did not. *See id.* and *Osban v. State*, 648 S.W.2d 790 (Tex.App.—Dallas 1983, reversed). In his dissent to the Court of Criminal Appeals opinion in *Osban*, Judge Clinton noted the court's failure to consider the search's validity as an inventory search. *Osban*, 726 S.W.2d at 115. He points out a problem with the search being a proper inventory search since Osban had told the officer that there was someone at the scene with whom he could leave the keys. It is perhaps for that reason that the court wrote on the issue of probable cause instead of addressing the State's contention that the search was valid as an inventory search. In effect, the court held that the search of Osban's trunk was proper because, since the search was incident to a lawful arrest, the officer had the right to search the automobile's passenger compartment, and that the discovery of controlled substances in the passenger compartment gave the officer probable cause to search the trunk. The court did not hold, as suggested by Dart, that probable cause is necessary to justify a proper inventory search of a locked trunk.

■ Dart also insists that the inventory search was improper because, although Officer Leonard testified that the search was conducted in accordance with departmental policy, Leonard failed to write in the name of the owner of the vehicle on the inventory form, even though it was standard Azle Police Department procedure to do so. The issue before us is whether the search itself was conducted pursuant to a standard departmental policy as to the making of the search and the scope of the search, not whether the officer erred in filling out the inventory form. Therefore, we hold that the trial court did not err in failing to suppress the fruits of the search. We overrule points of error numbers one and two.

Dart insists in points of error numbers three and five that the trial court erred in failing to suppress his written statement. He urges in point of error three that the statement resulted from an illegal search. Since we have found that the search of Dart's car was not illegal, we overrule point of error number three.

In point of error number five, Dart contends that the voluntariness of his statement was disputed because it was induced by promises made by the law enforcement officers who obtained it, and because it was obtained after he had requested counsel, thereby depriving him of the right to assistance of counsel. This cause was originally abated so that the trial court might file findings of fact and conclusions of law respecting the voluntariness of Dart's statement. In its findings of fact and conclusions of law that were filed pursuant to that abatement, the trial court found that the police officers did not make promises to him and that they did not, in exchange for Dart giving a statement, promise him that they would reduce his charge or lower his bond. The trial court also found that Dart did not, prior to and during the making of his statement, request an attorney. The trial court determined instead that Dart intelligently and voluntarily waived his statutory and constitutional right to counsel, his right to remain silent, and the other rights contained in the warning that the trial court found was given to Dart in compliance with the United States Supreme Court decision in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1986). As Dart notes in his brief, the officer who obtained Dart's statement denied making to Dart the promises that Dart attributed to him, and also denied that Dart ever requested an attorney, either before or during the taking of the statement.

We must determine whether the trial court abused its discretion in making its findings. *See Sinegal v. State*, 582 S.W.2d 135, 137 (Tex.Crim.App. [Panel Op.] 1979). We hold that the trial court did not abuse

its discretion in overruling Dart's motion to suppress the written statement because its findings of fact are fully supported by the evidence.

Dart contends that the findings of fact are conclusions and not specific. Dart is not specific as to what specific matter the trial court failed to determine. As we have noted, the trial court made specific findings of fact determining the two questions at issue adversely to Dart. We overrule points of error numbers three and five.

■ Dart argues in point of error number four that the State failed to prove a sufficient chain of custody for the phenylacetone contained in State's exhibits 3 and 3A. The chain of custody of the phenylacetone was well established in the evidence. The only question concerning a break in the chain of custody raised by Dart is the fact that the arresting officer testified that he turned the phenylacetone over to another officer at about 4:45 p.m., whereas the receiving officer testified that the arresting officer gave it to him at about 5:30 p.m. We do not believe that this slight variation in time, which was only an approximation in the first place, rose to the level of evidence necessary to establish a break in the chain of custody.

■ There was never any objection made at trial on the basis that the State had failed to establish a proper chain of custody. Dart may have waived error by failing to make such an objection, but, in any event, in the absence of any evidence of tampering, an objection that the State has failed to establish the proper chain of custody goes to the weight of the evidence rather than its admissibility. *Bird v. State*, 692 S.W.2d 65, 70 (Tex.Crim.App. 1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). We overrule point of error number four.

■ Dart argues in point of error number six that the trial court erred in overruling his motion for the appointment of a chemist to examine and analyze the substances in question. We have examined the record and find that it reflects that the substance that Dart was asking to have a chemist appointed to analyze was not the substance relied upon by the State for this conviction. Accordingly, we hold that the trial court did not abuse its discretion when it denied Dart's request. We further hold, beyond a reasonable doubt, that if it were error to deny Dart's request that the error did not contribute either to Dart's conviction or to the punishment assessed.

In urging that the trial court erred by overruling his motion, Dart relies on the case of *Quinones v. State*, 592 S.W.2d 933, 942 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). *Quinones* was not a drug case, but the court restated the rule that the defendant in a drug possession case has an absolute right to a court-appointed independent expert to examine the drugs, because such evidence is legally indispensable to the State's case. *Id.* We find *Quinones* to be distinguishable because in this case the material Dart sought to have analyzed was not the evidence relied on by the State and therefore was not evidence legally indispensable to the State's case. We overrule point of error number six.

The judgment is affirmed.