Lathan Earl WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00267–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 3, 1995.

David L. Singer, Houston, for appellant.

John B. Holmes, Jr., Andy Ramzel, Houston, for appellee.

Before ANDELL, MIRABAL and HILL,* JJ.

## OPINION

ANDELL, Justice.

Appellant Lathan Earl Williams pleaded no contest to the charge of possession of less than 28 grams of a controlled substance, cocaine,[1] and pleaded true to the two enhancement paragraphs of the indictment regarding two previous felony convictions for robbery by assault and burglary. The trial court sentenced appellant to 25–years imprisonment. Appellant filed a pretrial motion to suppress evidence, which the trial court denied. Appellant appeals in a single point of error, alleging that the warrantless search and arrest were unlawful. We will affirm.

Appellant was arrested by two Houston police officers for walking in the street instead of using the sidewalk.[2] Uniform Act Regulating Traffic on Highways, Tex.Rev. Civ.Stat.Ann. art. 6701d, § 81(a) (Vernon 1977) ("Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.").[3] When

---

* The Honorable John Hill, former Chief Justice, Court of Appeals, Second District of Texas at Fort Worth, participating by assignment.

1. See Health and Safety Code, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex.Gen.Laws 2230, 2936, amended by Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 2.02, § 481.115, 1993 Tex. Gen.Laws 3586, 3706 [hereinafter former article 481.115].

2. In this opinion, we will use the term "arrest" as it is used in the Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat.Ann. art. 6701d (Vernon 1977 & Supp.1995). We note that the Act predates the Supreme Court's post–Terry v. Ohio attempts to define what constitutes an "arrest," but it is unnecessary for us to determine in this case if appellant's statutory arrest also constituted an arrest under the fourth amendment.

U.S. Const. art. IV; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See generally Tex.Code Crim.P.Ann. art. 15.22 (Vernon 1977) (defining "arrest" in 1965 Code of Criminal Procedure); Berkemer v. McCarty, 468 U.S. 420, 437–40, 104 S.Ct. 3138, 3148–50, 82 L.Ed.2d 317 (1984) (holding that person detained in ordinary traffic stop is not in custody for purposes of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)); Francis v. State, 896 S.W.2d 406, 408–11 (Tex.App.—Houston [1st Dist.] 1995, pet. filed) (distinguishing between police encounters, detentions, and arrests).

3. Unless the Act declares otherwise, it is a misdemeanor for any person to do any act forbidden by the act or to otherwise violate the provisions of the Act. Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 22, 142(a) (Vernon 1977). The penalty for a

appellant could not provide identification bearing his photograph, appellant was taken into custody.[4] During the search incident to the arrest, the officers found a piece of glass tubing in appellant's sock that had residue which tested positive for cocaine. Appellant was never charged with the traffic offense.

Appellant alleges that the warrantless search and arrest violated the fourth and fourteenth amendments to the United States Constitution, article I, section 9 of the Texas Constitution, and articles 14.01 and 38.23 of the Code of Criminal Procedure. Tex.Code Crim.P.Ann. arts. 14.01 (Vernon 1977) & 38.23 (Vernon Supp.1995). Appellant concedes that if the arrest was lawful, then the resulting search incident to the arrest and seizure of the evidence was lawful. Appellant claims that his arrest was unlawful, however, because (1) he did not violate section 81(a) by walking in the street and (2) the police officers violated section 148 by failing either to take appellant immediately before a magistrate or to issue appellant a citation.

 Appellant claims that he could not have violated section 81(a) because the record at the motion to suppress did not clearly establish that sidewalks existed on *both* sides of the street. Although it is true that section 81(a) uses the term "sidewalks," we cannot agree with appellant that section 81(a) applies only in a situation in which multiple sidewalks exist. The legislature has indicated that in drafting laws it uses the singular tense to include the plural and the plural tense to include the singular unless the law expressly provides otherwise. Tex.Gov't Code Ann. § 312.003 (Vernon 1988). It is clear that the legislature's intent was to re-

quire pedestrians to walk on the sidewalk when a sidewalk is available, and we must interpret the law consistent with that intent whenever possible. *See* Tex.Gov't Code Ann. § 312.005 (Vernon 1988).

 Appellant also claims that the police officers violated section 148 by failing either to take him immediately before a magistrate or to issue him a citation. The police officers testified that the reason they did not write a citation is because appellant did not have identification bearing his photograph. Appellant argues that section 148 does not require a citizen to be in possession of photographic identification before a citation can be written. We agree with appellant that he was not required to possess photographic identification, but disagree that the police were required to issue a citation to appellant if possible before resorting to taking him into custody.

 Section 147 of the Act sets forth five instances in which the arresting officer must take the arrested person immediately before a magistrate.[5] Appellant does not fit within any of these five instances, so the police officers were not required by section 147 to take appellant immediately before a magistrate.[6] Section 148 *allows* a police officer to release an arrested person if the officer writes a citation for a court appearance and the person gives his or her written promise to appear. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 148 (Vernon 1977 & Supp.1995). Section 148 *requires* a police officer to release an arrested person based on a citation if (1) the person was arrested for speeding or for consuming an alcoholic beverage while

---

misdemeanor under the Act is a $1 to $200 fine. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 142(b) (Vernon 1977).

4. The procedure for arresting a person who violates the Act is given in sections 147 and 148. Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 147, 148 (Vernon 1977 & Supp.1995). A peace officer is authorized to make warrantless arrests for violations of the Act. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 153 (Vernon 1977).

5. These are: (1) when the person demands an immediate appearance; (2) when the person is arrested for negligent homicide; (3) when the person is arrested for DWI; (4) when the person

is arrested for failure to stop in the event of an accident, causing death, personal injuries, or damage to property; and (5) in any other event when the person refuses to give his or her written promise to appear in court. Tex.Rev.Civ.Stat. Ann. art. 6701d, § 147 (Vernon 1977). We note that appellant has not raised the application of Code of Criminal Procedure article 14.06, which discusses taking a person arrested without a warrant before a magistrate without unnecessary delay. Tex.Code Crim.P.Ann. art. 14.06 (Vernon Supp.1995).

6. The record does not show that appellant demanded an immediate appearance before a magistrate.

operating a motor vehicle in a public place and (2) the person gives his or her written promise to appear. *Id.* In the instance when an officer is neither required to take the person immediately before the magistrate or to release the person based on a citation, the officer can decide to take the person into custody and is not required by sections 147 and 148 to take the person immediately before a magistrate unless the person so requests.[7] *See Tores v. State,* 518 S.W.2d 378, 380–81 (Tex.Crim.App.1975); *Ciulla v. State,* 434 S.W.2d 948, 951–52 (Tex. Civ.App.—Houston [1st Dist.] 1968, no writ).

■ Even if we were to hold that the police officers were required to take appellant immediately before a magistrate since the officers did not release appellant based on a citation, appellant has shown no causal connection between the failure to take him before a magistrate and the discovery of the glass tubing. Absent such causal connection, the failure to take appellant before a magistrate does not affect the validity of the warrantless search and arrest. *See Boyd v. State,* 811 S.W.2d 105, 124 (Tex.Crim.App.), *cert. denied,* 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991).

■ We conclude that the police officers did not violate section 148 by failing either to take appellant immediately before a magistrate or to issue him a citation. Because the officers were not required to issue a citation, we need not decide whether the officers properly refused to write a citation because appellant did not have identification bearing his photograph. We overrule appellant's sole point of error.

The judgment of conviction is affirmed.

---

**7.** Appellant cites this Court's opinion in *Sedani v. State* for the proposition that the arresting officer must either issue a citation or take the person immediately before a magistrate. *Sedani v. State,* 848 S.W.2d 314 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). *Sedani,* however, stands for the different proposition that a police officer cannot continue to detain a person after the officer writes a citation and the person makes a written promise to appear in court. *Id.* at 318.