TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00254-CR







James Spence, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0945001, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant James W. Spence was indicted for the offenses of possession of cocaine
in the amount of less than 28 grams with intent to deliver and for the possession of a taxable
substance, cocaine, on which the tax had not been paid. Controlled Substance Act, 71st Leg.,
R.S., ch. 678, sec. 1, § 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code
Ann. § 481.112, since amended); Tex. Tax. Code Ann. § 159.201 (West 1992). Appellant, in
a bench trial, entered a plea of guilty to the lesser included offense of possession of cocaine of less
than 28 grams. The second count of the indictment was abandoned by the State. As a part of the
plea bargain, the State recommended "2 years probation." The trial court assessed punishment
at two years' confinement, but suspended the imposition of the sentence and placed appellant on
community supervision subject to certain conditions.

 Appellant advances two points of error. First, appellant urges that the trial court
erred in overruling the motion to suppress evidence and appellant's statements because the State
did not meet its burden of proving the existence of a valid traffic warrant to justify appellant's
initial arrest. Second, appellant claims the trial court erred in overruling the motion to suppress
evidence and his statements because the inventory search of his vehicle was not authorized.

 Appellant filed a pretrial motion to suppress evidence which incorporated the claims
now urged on appeal. The suppression hearing was conducted in two phases several weeks apart. 
 At the outset, the State "stipulated" that the search in question was a warrantless search and it
agreed to bear the burden of going forward with the evidence to show that it was a valid search. 
Appellant did not object and the trial court permitted the prosecutor to proceed. (1)

 The evidence reflects that on the afternoon of August 29, 1994, Austin Police
Officer David New and Police Cadet Andrew Sheehan were "working traffic," when New saw
appellant driving a vehicle without the use of a seat belt. Appellant was stopped in the 6200 block
of Bolm Road. Sheehan was instructed to approach appellant and inform him of the traffic
violation. Appellant got out of his red 1988 Hyundai Excel automobile equipped with shoulder-type seat belts. Upon being informed of the violation, appellant readily agreed and volunteered
that he had not been wearing his seat belt. Appellant also volunteered that he might have some
outstanding traffic warrants, "some traffic tickets he didn't pay." New "ran them" on the
computer and determined that there were outstanding traffic arrest warrants for appellant. The
record does not reveal the nature of the traffic offenses involved. Appellant was searched and
then handcuffed. When asked if he wanted an opportunity to "pay off the tickets" appellant stated
that he would "lay them out" in jail. At the time appellant had $282.00 on his person and the fine
or fines totalled $113.00. Appellant was then placed in the police car. It appears that New asked
appellant if there was anyone who could pick up his car and that appellant replied that his wife
was "down the road." New then asked the dispatcher to make an effort to contact appellant's
wife. There is a conflict in the evidence as to whether New called for a tow truck or wrecker at
the same time, or whether that request was made later. In any case, Sheehan was instructed by
New to inventory the Hyundai automobile. Sheehan raised the hatchback on the vehicle and saw
an open brown paper bag sitting on top of an open suitcase. Inside the bag Sheehan saw a white
cookie-like substance which New, when summoned, identified as crack cocaine. New then
informed Sheehan that the vehicle could be searched more thoroughly. Underneath the cocaine
cookie in the bag, New found five baggies of crushed rocks of cocaine. In the glove box of the
vehicle, Sheehan found a Tylenol bottle with four small white rocks and a black coin purse
containing three baggies with crushed white rocks and four small baggies with white powder, all
appearing to be cocaine. A digital scale was also found. 

 After the testimony of Officer New and Cadet Sheehan, the State called no further
witnesses. Appellant called his wife who testified that she received a call on the day in question
from "a lady" whom she assumed was a dispatcher and that she had a friend drive her to the
scene. She estimated that she arrived at the location seven to ten minutes after she received the
call from the dispatcher. Sheehan had testified that some person arrived on the scene some fifteen
to thirty minutes after New contacted the dispatcher. New testified that appellant's wife arrived
after the wrecker was summoned and after the drugs were found.

 At the second phase of the suppression hearing, appellant recalled Sheehan and
interrogated him about the suitcase seen in appellant's vehicle. The prosecutor then elicited from
Sheehan that at the time New asked the dispatcher to attempt to contact appellant's wife, he also
requested that the vehicle be towed, and that the inventory or search was conducted thereafter. (2) 
Appellant testified that after it was verified that he had an outstanding traffic warrant, he asked
if his car could be driven away and that New contacted the dispatcher to communicate with
appellant's wife. He related that he was then handcuffed and placed in the police car, that his wife
arrived on the scene with a friend, and that the officers "waved her off" as "they was in the trunk
then." He recalled that New called for a wrecker only after he talked with appellant's wife. It
was appellant's testimony that the suitcase in his car was closed because if it was open as the
officers claimed the hatchback could not have been closed. At the conclusion of the hearing, the
trial court denied the motion to suppress evidence.

 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject any or all of a
witness's testimony or evidence offered. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App.
1993). In reviewing the trial court's decision, an appellate court does not engage in its own
factual review; it determines only whether the record supports the trial court's findings. Romero,
800 S.W.2d at 543. The appellate court is not at liberty to disturb supported findings of fact
absent an abuse of discretion. Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994);
Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). The appellate court should not defer
merely to the trial court's findings regarding the historical facts but also to the trial court's
conclusions regarding the legal significance of those facts. Dubose v. State, 915 S.W.2d 493, 497
(Tex. Crim. App. 1996); State v. Carter, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). The
appellate court will normally address only the question of whether the trial court improperly
applied the law to the facts. Romero, 800 S.W.2d at 543. If the trial court's decision is correct
on any theory of the law applicable to the case, it will be sustained even though the trial court may
have given the wrong reason for its ruling. Id.; Calloway v. State, 743 S.W.2d 645, 651-52 (Tex.
Crim. App. 1988).

 Initially, appellant argues that the trial court erred in overruling the suppression
motion because the State did not meet its burden of proving the existence of a valid traffic warrant
to justify appellant's initial arrest. Appellant calls attention to State's exhibit number one.

 As noted earlier, the State undertook to establish the validity of a warrantless
search. Appellant was the last witness at the suppression hearing. During cross-examination,
appellant was asked if there was not a warrant outstanding at the time of his arrest. He replied
that it was difficult to recall if a traffic ticket had been paid or not. When asked if he had not
"laid the ticket out," he responded that he did not know how the court "acts on that" as he had
received no notice. The State then offered State's exhibit number one without objection. The
exhibit contained a speeding ticket issued to appellant on November 30, 1993, with a court
appearance date of December 14, 1993, and a judgment in cause number 2897422 dated August
30, 1994 (the day after appellant's arrest in the instant case), reflecting that appellant had entered
a plea of "no contest" to the offense of speeding in the Austin municipal court and that the court
found him guilty and assessed a fine of $113. The exhibit also contained a recitation that
appellant had "laid out" his fine. The exhibit also contained a complaint in cause number 2897422
filed October 5, 1994, long after the judgment. Attached to the belated complaint is a "capias-warrant" not shown to have been dated or issued.

 Appellant thus complains that on August 29, 1994, there was no outstanding
complaint and warrant for the speeding offense and there was no complaint and warrant for failure
to appear in court. Appellant argues that his initial arrest was based on a non-existent warrant
which was not supported by an affidavit or complaint reflecting probable cause, and that the State
did not sustain its burden of proof at the suppression hearing by showing a valid warrant and its
supporting affidavit. See Miller v. State, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987); State
v. Wood, 828 S.W.2d 471, 475 (Tex. App.--El Paso 1992, no pet.). Appellant urges that in view
of the State's default, the burden did not shift back to him to show that the warrant was invalid. 
See Moreno v. State, 858 S.W.2d 453, 461-62 (Tex. Crim. App. 1993), cert. denied, 114 S. Ct.
455 (1994). Appellant notes that the trial court stated "this exhibit [State's exhibit number one]
doesn't tell me anything," but overruled his objection "apparently relying on the initial seatbelt
infraction." Appellant contends this was error. We disagree. Putting aside the question of the
existence or non-existence of a valid warrant for the speeding offense, (3) we find an adequate basis
for the trial court's ruling on the suppression motion.

 Any peace officer was authorized to arrest without a warrant any person found
committing a violation of the Uniform Act Regulating Traffic on Highways in effect on August
29, 1994. Act of June 5, 1947, 50th Leg., R.S., ch. 421, 1947 Tex. Gen. Laws 967 (Tex. Rev.
Civ. Stat. art. 6701d-153, since amended). (4) The failure to wear seat belts was a violation of
article 6701d at the time of the commission of the instant offense. Act of May 16, 1985, 69th
Leg., R.S., ch. 804, § 1, 1985 Tex. Gen. Laws 2846 (former art. 6701d, § 107c, since
amended). (5) A police officer's routine duties include enforcement of the traffic laws and a
violation of those laws is sufficient authority to stop an offending driver. Armitage v. State, 637
S.W.2d 936, 939 (Tex. Crim. App. 1982); Ortega v. State, 861 S.W.2d 91, 95 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd). The traffic violation committed in the officer's
presence authorized the initial stop in the instant case. Armitage, 637 S.W.2d at 937; Valencia
v. State, 820 S.W.2d 397, 399 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd); Tex. Code
Crim. Proc. Ann. art. 14.01(b) (West 1977).

 Appellant was not wearing a seat belt in violation of article 6701d, section 107c
and was subject to a warrantless arrest under article 6701d, section 153 and article 14.01(b) of
the Texas Code of Criminal Procedure. See Christopher v. State, 639 S.W.2d 932, 935 (Tex.
Crim. App. 1982); see also Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986);
Ortega, 861 S.W.2d at 95; Valencia, 820 S.W.2d at 399. Independent of any outstanding traffic
arrest warrants, appellant was subject to custodial arrest for violation of the seat belt laws. Cf.
Janecka v. State, 739 S.W.2d 813, 822 (Tex. Crim. App. 1987). Janecka held that a defendant's
arrest pursuant to an invalid arrest warrant for murder was nonetheless lawful because the
arresting officer had a valid arson arrest warrant in his possession. Any technical irregularities
resulting from the failure to actually execute the arrest warrant for arson were not significant
enough to render the arrest illegal. Id. at 822.

 Appellant tries to avoid this result by arguing that a traffic citation or ticket was
issued to him for the violation of the seat belt law and that he could not have been placed under
custodial arrest for that offense once the traffic citation had been issued. See Seldani v. State, 848
S.W.2d 314, 318 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). Seldani stands for the
proposition that a police officer cannot continue to detain a person after the officer writes a
citation and the person makes a written promise to appear in court. Williams v. State, 905 S.W.2d
49, 52 n.7 (Tex. App.--Houston [1st Dist.] 1995, no pet.). Appellant relies upon Sheehan's
statement during cross-examination that he issued two traffic citations, one being for a violation
of the seat belt law. When asked if appellant signed the "ticket for no seat belt," Sheehan replied,
"I don't recall, sir, if it was signed or if Officer New told me to just put them with the report. 
I honestly --- sometimes it is policy. I don't recall, sir."

 The police were not required to issue a citation for violation of the seat belt law
before resorting to taking appellant into custody under article 6701d, section 148, then in effect. 
See Williams, 905 S.W.2d at 51. Further, the citation was not effective until signed as required
by section 148. There was nothing to show that appellant signed any citation, ticket, or notice
of appeal, nor did appellant make such claim in his testimony at the suppression hearing. 
Moreover, section 148 requires that the citation or written notice be prepared and issued by an
arresting officer, not a cadet. In establishing the validity of a warrantless arrest or search, the
State need not negate every possible scenario.

 In his first point of error, appellant also argues that his statements to the police that
he was not wearing his seat belt and that he might have outstanding traffic arrest warrants were
inadmissible in light of Miranda v. Arizona, 384 U.S. 436 (1966). These were volunteered
statements made when appellant stepped out of his vehicle and not as a result of interrogation. 
Volunteered statements of any kind are not barred by the Fifth Amendment to the United States
Constitution and were not affected by the holding in Miranda. 384 U.S. at 478; see also Walker
v. State, 470 S.W.2d 669, 671 (Tex. Crim. App. 1971). The requirements of Miranda and article
38.22 of the Texas Code of Criminal Procedure (6) apply only to statements made as a result of
custodial interrogation. Kelley v. State, 817 S.W.2d 168, 173 (Tex. App.--Austin 1991, pet.
ref'd). A non-custodial, voluntary, oral statement is admissible. Id. Moreover, it has been said
that the "noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily
detained pursuant to such stops are not in custody." Berkemer v. McCarty, 468 U.S. 420, 440
(1984). Under the circumstances, appellant's statements were not barred by Miranda. Point of
error one is overruled.

 In his second point of error, appellant complains that the trial court erred in
overruling the suppression motion because the inventory search of his vehicle was not authorized. 
The Fourth Amendment of the United States Constitution provides protection from unreasonable
searches and seizures. A warrantless search is presumptively unreasonable. Horton v. California,
496 U.S. 128, 133 n. 4 (1990); Katz v. United States, 389 U.S. 347, 357 (1967). However, an
inventory has been recognized as a valid exception to the warrant requirement of the Fourth
Amendment. See Illinois v. Lafayette, 462 U.S. 640, 643-44 (1983); Benavides v. State, 600
S.W.2d 809, 810-11 (Tex. Crim. App. 1980); Evers v. State, 576 S.W.2d 46, 50 (Tex. Crim.
App. 1978). The practice of securing and inventorying the contents of automobiles in police
custody and control is not necessarily violative of the federal constitution. South Dakota v.
Opperman, 428 U.S. 364, 365 (1976); Cady v. Dombrowski, 413 U.S. 433, 439 (1973). There
is no requirement that an officer obtain a search warrant to conduct an inventory if the inventory
is part of a bona fide "routine administrative caretaking function" of the police. United States v.
Skillerns, 947 F.2d 1268, 1275 (5th Cir. 1991); Evers, 576 S.W.2d at 50. The question of
probable cause is not relevant in determining the propriety of an inventory search. Dart v. State,
798 S.W.2d 379, 380-81 (Tex. App.--Fort Worth 1990, pet. ref'd). Inventories serve three
purposes: to protect the owner's property while it is in police custody, to protect the police against
claims or disputes over lost or stolen property, and to protect the police or public from potential
danger. Opperman, 428 U.S. at 369; Kelley v. State, 677 S.W.2d 34, 37 (Tex. Crim. App.
1984); Dart, 798 S.W.2d at 380.

 Before an inventory search of an automobile may be upheld there must be a lawful
impoundment. Benavides, 600 S.W.2d at 810. The burden of proof is on the State to show a
lawful inventory search. Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986); Ward
v. State, 659 S.W.2d 643, 646 (Tex. Crim. App. 1983).

 One of the instances in which an automobile may be validly impounded and
inventoried is where the driver is removed from his automobile and placed under custodial arrest
and no other alternatives are available other than impoundment to ensure protection of the vehicle. 
Stephen v. State, 677 S.W.2d 42, 43-44 (Tex. Crim. App. 1984); Fenton v. State, 785 S.W.2d
443, 445 (Tex. App.--Austin 1990, no pet.).

 In making inventory searches, the police are not required to use the least intrusive
means of safeguarding the property.  Colorado v. Bertine, 479 U.S. 367, 374-75 (1987);
Lafayette, 462 U.S. at 647-48. The police may inventory even locked automobile trunks and
glove compartments. Bertine, 479 U.S. at 374-75. The authorities are not required to offer the
arrestee a chance to make other arrangements, or to ask him whether he wants his valuables
protected. Id. at 373-74. The police need not independently investigate possible alternatives to
impoundment absent some objectively demonstrable evidence that alternatives do, in fact, exist. 
Mayberry v. State, 830 S.W.2d 176, 180 (Tex. App.--Dallas 1992, pet. ref'd).

 When impoundment follows custodial arrest, the courts have considered several
factors in determining the reasonableness of the impoundment. Id. at 179. The factor pertinent
to the instant case is the availability of someone at the scene of the arrest to whom the police
could have given possession. Delgado, 718 S.W.2d at 721. If a passenger in the car or someone
at the scene of the arrest cannot furnish identification or a driver's license, an officer properly
refuses to release the car to him. Stephen, 677 S.W.2d at 43-44; State v. Garcia, 801 S.W.2d
137, 141 (Tex. App.--San Antonio 1990, pet. ref'd); see also Mayberry, 830 S.W.2d at 180.

 In the instant case Officer New made a custodial arrest of appellant, the driver of
the Hyundai. He was alone. There was no passenger or other person at the scene of the arrest
to whom the car could have been released. The arrest was made on a public highway. The
position of the Hyundai after the stop is not revealed. Officer New agreed to attempt to contact
appellant's wife. He called the dispatcher. Thereafter, New had no knowledge whether the
dispatcher contacted the wife, the wife's exact location, how long it would take her to reach the
scene, or if she did, whether she would have proper identification or a driver's license so that the
car could be released to her. New explained that he could not under the circumstances afford to
wait to see if the wife would appear. Officer New, following a standardized policy of the Austin
Police Department, conducted an inventory search with the aid of Cadet Sheehan. There is no
showing that the officer acted in bad faith or for the sole purpose of a general criminal
investigation. The inventory was not excessive in nature. There was a conflict in the testimony
about when the tow truck was summoned. Appellant claimed there was no proper impoundment
until the tow truck had been called in accordance with the inventory policy of the Austin Police
Department. Sheehan stated the wrecker was called prior to the inventory search. Appellant said
New did not call for the wrecker until after the search and after appellant's wife had arrived at
the scene. New could not recall just when the wrecker was summoned. The trial court was the
trier of fact. It could accept or reject any testimony of any witness. Taylor v. State, 604 S.W.2d
175, 177 (Tex. Crim. App. 1980). We conclude that the inventory search was reasonable and
proper under the Fourth Amendment. The wife's appearance on the scene did not undo the
validity of the inventory search. See Garcia v. State, 801 S.W.2d at 141.

 While there is no violation of the Fourteenth Amendment, the main thrust of
appellant's argument under the second point of error is that the inventory was violative of article
I, section 9 of the Texas Constitution. Appellant relies upon Autran v. State, 887 S.W.2d 31
(Tex. Crim. App. 1994), a plurality opinion, which held that article I, section 9 of the state
constitution provides a privacy interest in closed containers in automobiles which is not overcome
by the general policy considerations underlying a proper inventory, and provides greater
protection than the Fourth Amendment in the context of inventory searches. Id. at 41-42. 
Acknowledging that under the inventory exception to the Fourth Amendment, police officers may
in conducting a proper inventory of open closed or locked containers, the Court of Criminal
Appeals held that under the state constitutional provision, officers may not open closed or locked
containers in automobiles even if the officers are following established department policy in
conducting the inventory. Id.; see also State v. Lawson, 886 S.W.2d 554, 556 (Tex. App.--Fort
Worth 1994, no pet.); cf. Hatcher v. State, 916 S.W.2d 642, 645-46 (Tex. App.--Texarkana 1996,
pet. pending). 

 Appellant introduced a copy of the general orders of the Austin Police Department
regarding impoundment of motor vehicles. He agrees that under the policy therein established,
inventory searches of closed and locked compartments and containers are permitted. In view of
this departmental policy, there is no violation of the federal constitution if closed containers are
opened during an inventory. See Florida v. Wells, 495 U.S. 1, 4 (1996). Appellant relies,
however, on Autran and claims our state constitution was violated when the officer raised the
hatchback on his Hyundai automobile, which effected the opening of a closed and concealed area
under the floor of the car, a small trunk. To support this, appellant relies upon his testimony and
photographs of the Hyundai automobile taken after the first suppression hearing and long after the
traffic stop. It appears that the "trunk area" of the vehicle extended from the rear seat to the
hatchback itself as a flat surface area and that if the rear seat was lowered it would elongate this
"trunk area." Appellant contends that when the hatchback at the rear of the vehicle is lifted to
access the "trunk area," such action automatically opens the small trunk underneath the "trunk
area" or car floor which extends behind the rear seat. Appellant contends that the lifting of the
hatchback by the officer implicated Autran and rendered void any proper inventory of the vehicle. 


 There is no showing or claim that there were any items in the small trunk that were
seen or seized. There was no testimony from the officers that they even saw the small trunk or
that it was searched. The testimony was that when the hatchback was lifted there was an open
suitcase in the "trunk area" or the floor of the car behind the rear seat. On top of the suitcase was
the open brown bag containing the white cookie-type substance identified by Officer New as
cocaine. Under the circumstances, there is no showing that any closed container opened
automatically when the officer lifted the hatchback or that it contained any items or contraband. 
Autran does not prohibit inventory searches per se. We do not interpret Autran as rendering
inadmissible the white cookie-like substance found in the brown bag. Putting aside the application
of Autran to the substance found in the coin purse and Tylenol bottle located in the glove box of
the vehicle, we find that the officers had a right to search incident to the arrest for the seat belt
violation, independent of any inventory.

 In New York v. Belton, 453 U.S. 454, 460 (1981), the Court rejected a case-by-case
application of the rule of Chimel v. California, 395 U.S. 752 (1969), to automobiles in favor of
a standard procedure governing all cases. When a policeman has made a lawful custodial arrest
of the occupant of an automobile, he may, as a contemporaneous incident to that arrest, search
the passenger compartment of that automobile, including the contents of any containers found
within the passenger compartment. See also Obsan v. State, 726 S.W.2d 107, 111 (Tex. Crim.
App. 1986) (holding that search incident to arrest valid under federal constitution is equally valid
under Texas Constitution). Belton has been held applicable even though the arrested defendant
has been handcuffed and placed in a police car. Garcia, 801 S.W.2d at 141.

 In the instant case the search of the interior of the Hyundai that revealed the cocaine
was incident to the contemporaneous arrest of appellant for violation of the seat belt law. 
Appellant, the driver, was arrested while near the vehicle. We reject appellant's contention that
the search of the small automobile went beyond the passenger compartment or interior of the
Hyundai as contemplated by Belton.

 The finding of the cocaine in the brown bag as a result of a proper inventory or a
search incident to arrest may well have given rise to probable cause to search the vehicle under
the automobile exception to the Fourth Amendment. Chambers v. Maroney, 399 U.S. 42, 51
(1970); Christopher v. State, 639 S.W.2d 932, 935 (Tex. Crim. App. 1982); State v. Giles, 867
S.W.2d 105, 110 (Tex. App.--El Paso 1993, pet. ref'd). We need not explore this possibility.

 A peace officer, after a bona fide stop for a traffic offense as in the instant case,
may then make an additional arrest for any offense discovered during the investigation, Taylor v.
State, 421 S.W.2d 403, 407 (Tex. Crim. App. 1967) (op. on reh'g), cert. denied, 393 U.S. 916
(1968), and may conduct a search incident to that arrest. Christopher, 639 S.W.2d at 935. The
finding of the cocaine in the brown bag on the basis of a proper inventory or search incident to
arrest for the traffic offense gave Officer New the right to arrest for possession of cocaine and to
search incident to that arrest.

 Under this record, the search was sustainable under the inventory exception to the
Fourth Amendment, and in light of the facts was sustainable under Article I, section 9 of the state
constitution at least as to the finding of the cocaine in the open brown bag. It was also sustainable
in its entirety under searches incident to arrests for the traffic offense and for possession of
cocaine based on the brown bag of cocaine. We need not reach the validity of probable cause to
search under the automobile exception.

 Even if it can be said that the trial court did not articulate all of these bases as the
rationale for refusing to suppress the complained-of testimony, this Court will sustain the trial
court decision if it is correct on any theory applicable to the case. Romero, 800 S.W.2d at 543;
Calloway, 743 S.W.2d at 651-52. The fact that a correct ruling is given for the wrong reason will
not result in reversal of the ruling. Miles v. State, 488 S.W.2d 790, 792 (Tex. Crim. App. 1972). 
The ruling may be upheld if it is correct on any theory of law, even if the theory was never raised
by the parties or the trial court. State v. Williams, 814 S.W.2d 256, 260 (Tex. App.--Austin
1991), aff'd, 832 S.W.2d 52 (Tex. Crim. App. 1992) (citing Wilson v. State, 692 S.W.2d 661,
671 (Tex. Crim. App. 1981) and State v. Cuellar, 815 S.W.2d 295, 298 (Tex. App.--Austin 1991,
no pet.)).

 We must defer not only to the historical findings of fact but to the conclusions of
the trial court as to the legal significance of the facts. Carter, 915 S.W.2d at 504; Dubose, 915
S.W.2d at 497. The State commenced by assuming the burden of showing a valid warrantless
search. The record supports the bases or theories underlying the trial court's ruling. The trial
court did not abuse its discretion in overruling the motion to suppress. The second point of error
is overruled. (7)

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Kidd and Onion*

Affirmed

Filed: August 28, 1996

Do Not Publish























* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   When a defendant seeks to suppress evidence on the basis of a violation of a federal or
state constitutional provision or a related state statute, the burden of proof is on the
defendant. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). In a suppression hearing,
a defendant, as the movant, must produce evidence that defeats the presumption of proper police
conduct and shifts the burden to the prosecution. Id. at 9; Musick v. State, 862 S.W.2d 794, 799
(Tex. App.--El Paso 1993, pet. ref'd). When the validity of a search is challenged, and the State
produces a warrant, the defendant must go forward to establish the warrant's invalidity on some
ground such as the lack of probable cause in the affidavit underlying the arrest or search warrant. 
Russell, 717 S.W.2d at 9-10; Rumsey v. State, 675 S.W.2d 517, 520 (Tex. Crim. App. 1984);
State v. Morgan, 841 S.W.2d 494, 496 (Tex. App.--El Paso 1992, no pet.).
2.   The procedure of summoning the tow truck and conducting the inventory was shown
to be in accordance with the Austin Police Department's policy on the impoundment of motor
vehicles.
3.   The issuance of a traffic ticket and notice to appear is mandatory in a speeding case. 
Act of April 27, 1987, 70th Leg., R.S., ch. 72, § 2, 1987 Tex. Gen. Laws 177, 178 (Tex. Rev.
Civ. Stat. art. 6701d, § 148(a), since codified at Tex. Transp. Code Ann. § 543.004 (West
1996)). 


 Appellant was issued a traffic ticket for speeding and notice to appear on November
30, 1993. The court appearance date was December 14, 1993. Article 27.14(d) of the Texas
Code of Criminal Procedure provides:


(d) If written notice of an offense for which maximum possible punishment is
by fine only or of a violation relating to the manner, time, and place of parking
has been prepared, delivered, and filed with the court and a legible duplicate
copy has been given to the defendant, the written notice serves as a complaint
to which the defendant may plead "guilty," "not guilty," or "nolo contendere." 
If the defendant pleads "not guilty" to the offense, a complaint shall be filed that
conforms to the requirements of Chapter 45 of this code, and that complaint
serves as an original complaint. A defendant may waive the filing of a sworn
complaint and elect that the prosecution proceed on the written notice of the
charged offense if the defendant agrees in writing with the prosecution, signs the
agreement, and files it with the court.


The written notice or citation signed by appellant served as a complaint when appellant
eventually entered a plea of nolo contendere on August 30, 1994. There was then a complaint
underlying the judgment entered on August 30, 1994. See State v. Shaw, 822 S.W.2d 807, 809
(Tex. App.--Austin 1992, no pet.). The filing of a complaint on October 5, 1994, long after the
entry of the judgment is a puzzlement. The court appearance date set forth in the traffic ticket on
citation was December 14, 1993. Appellant apparently did not appear and this information was
available to Officer New after appellant suggested that he might have some outstanding traffic
tickets.


 Any person who willfully violates his written promise to appear in court is guilty of a
misdemeanor regardless of the disposition of the charge upon which he was originally arrested. 
Act of June 5, 1947, 50th Leg., R.S., ch. 421, 1947 Tex. Gen. Laws 967, 1000 (Tex. Rev. Civ.
Stat. art. 6701d, § 149(a), since codified at Tex. Transp. Code Ann. § 543.009 (West 1996)); see
also Tex. Penal Code Ann. art. 38.10(a) (West 1994). It does not appear that any additional
charges were filed against appellant for his failure to appear on December 14, 1993.
4.   Now see Tex. Transp. Code Ann. § 543.001 (West 1996).
5.   Now see Tex. Transp. Code Ann. § 545.413 (West 1996).
6.   Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979).
7.   In the second point of error, appellant again contends that his statements should have
been suppressed. For the same reasons this argument was rejected in our discussion in the
first point of error, we find no merit in the contention.


  When a defendant seeks to suppress evidence on the basis of a violation of a federal or
state constitutional provision or a related state statute, the burden of proof is on the
defendant. Russell v. State
, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). In a suppression hearing,
a defendant, as the movant, must produce evidence that defeats the presumption of proper police
conduct and shifts the burden to the prosecution. Id. at 9; Musick v. State, 862 S.W.2d 794, 799
(Tex. App.--El Paso 1993, pet. ref'd). When the validity of a search is challenged, and the State
produces a warrant, the defendant must go forward to establish the warrant's invalidity on some
ground such as the lack of probable cause in the affidavit underlying the arrest or search warrant. 
Russell, 717 S.W.2d at 9-10; Rumsey v. State, 675 S.W.2d 517, 520 (Tex. Crim. App. 1984);
State v. Morgan, 841 S.W.2d 494, 496 (Tex. App.--El Paso 1992, no pet.).
2.   The procedure of summoning the tow truck and conducting the inventory was shown
to be in accordance with the Austin Police Department's policy on the impoundment of motor
vehicles.
3.   The issuance of a traffic ticket and notice to appear is mandatory in a speeding case. 
Act of April 27, 1987, 70th Leg., R.S., ch. 72, § 2, 1987 Tex. Gen. Laws 177, 178 (Tex. Rev.
Civ. Stat. art. 6701d, § 148(a), since codified at Tex. Transp. Code Ann. § 543.004 (West
1996)). 


 Appellant was issued a traffic ticket for speeding and notice to appear on November
30, 1993. The court appearance date was December 14, 1993. Article 27.14(d) of the Texas
Code of Criminal Procedure provides:


(d) If written notice of an offense for which maximum possible punishment is
by fine only or of a violation relating to the manner, time, and place of parking
has been prepared, delivered, and filed with the court and a legible duplicate
copy has been given to the defendant, the written notice serves as a complaint
to which the defendant may plead "guilty," "not guilty," or "nolo contendere." 
If the defendant pleads "not guilty" to the offense, a complaint shall be filed that
conforms to the requirements of Chapter 45 of this code, and that complaint
serves as an original complaint. A defendant may waive the filing of a sworn
complaint and elect that the prosecution proceed on the written notice of the
charged offense if the defendant agrees in writing with the prosecution, signs the
agreement, and files it with the court.


The written notice or citation signed by appellant served as a complaint when appellant
eventually entered a plea of nolo contendere on August 30, 1994. There was then a complaint
underlying the judgment entered on August 30, 1994. See State v. Shaw, 822 S.W.2d 807, 809
(Tex. App.--Austin 1992, no pet.). The filing of a complaint on October 5, 1994, long after the
entry of the judgment is a puzzlement. The court appearance date set forth in the traffic ticket on
citation was December 14, 1993. Appellant apparently did not appear and this information was
available to Officer New after appellant suggested that he might have some outstanding traffic
tickets.


 Any person who willfully violates his written promise to appear in court is guilty of a
misdemeanor regardless of the disposition of the charge upon which he was originally arrested. 
Act of June 5, 1947, 50th Leg., R.S., ch. 421, 1947 Tex. Gen. Laws 967, 1000 (Tex. Rev. Civ.
Stat. art. 6701d, § 149(a