STATE of Texas, Appellant,

v.

Robert Fred MINOR, II, Appellee.

No. 11–97–00190–CR.

Court of Appeals of Texas,
Eastland.

Nov. 25, 1998.

Rehearing Overruled Dec. 31, 1998.

B. J. Shepherd, Dist. Atty., Meridian, for appellant.

Christopher Till, Comanche, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and WRIGHT, J.

OPINION

JIM R. WRIGHT, Justice.

The State indicted Robert Fred Minor, II for engaging in organized criminal activity in connection with a burglary. The trial court set aside the indictment, and the State appealed. This court dismissed that appeal for want of jurisdiction. The State then reindicted Minor for the same offense. Minor moved to set aside the new indictment, alleg-

ing that "Chapter 71 of the Texas Penal Code is vague, broad, and therefore unconstitutional in that it allows for this type of indictment." Minor also alleged that the State was estopped from filing a reindictment when a previous indictment had been quashed or set aside and appealed. He maintained that to do so constituted a violation of "due process under the United States Constitution, Amendment Fourteen." He also took the position that the reindictment denied due process provided by TEX. CONST. art. I, §§ 13 & 19, as well as TEX. CODE CRIM. PRO. ANN. arts. 1.04 & 1.05 (Vernon 1977). The trial court set the new indictment aside, and the State timely perfected this appeal. We reverse and remand.

In its only point of error, the State argues that, because the indictment alleged an offense in accordance with the applicable rules of pleadings in criminal cases, the trial court erred in dismissing it. Specifically, the State argues that the indictment complied with the language in TEX. PENAL CODE ANN. §§ 71.01 & 71.02 (Vernon 1994 & Supp.1998) and that it should not have been set aside.

■ The order setting the indictment aside did not specify the grounds upon which the motion was granted. Therefore, we will examine each of the grounds alleged in Minor's motion in order to determine whether the trial court abused its discretion in setting the indictment aside. *Romero v. State*, 800 S.W.2d 539 (Tex.Cr.App.1990).

Minor's constitutional claims have previously been decided adverse to the position which he takes. Chapter 71 is neither unconstitutionally vague nor overbroad. See *Strong v. State*, 805 S.W.2d 478 (Tex.App.— Tyler 1990, pet'n ref'd); *McDonald v. State*, 692 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1985, pet'n ref'd).

■ Minor takes the position that, although jeopardy did not attach in this case, the State is barred by res judicata from prosecuting him under a subsequent indictment. In briefs and in arguments, both the State and Minor use the terms "double jeopardy," "collateral estoppel," and "res ju-

dicata." Those terms[1] have separate and distinct meanings within the criminal law context:

> "Res judicata" is the doctrine that an existing final judgment or decree, rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, on a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions or suits in the same court, or in any other judicial tribunal of concurrent jurisdiction, on points and matters in issue in the first suit.

*Davenport v. State*, 574 S.W.2d 73, 76 (Tex. Cr.App.1978).

> "Collateral estoppel"... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

When the trial court set aside the first indictment, that prosecution ended. *Miller v. State*, 909 S.W.2d 586 (Tex.App.—Austin 1995, no pet'n). There were no issues determined by final judgment rendered on the merits, and neither were there issues of ultimate fact determined by a valid and final judgment. Therefore, neither the doctrine of "res judicata" nor the doctrine of "collateral estoppel" prevents the refiling of the indictment. Our previous dismissal of the first appeal for want of jurisdiction does not require a different result; the dismissal is a final order, but it is not a judgment on the merits of the case. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ In his motion to set aside the indictment, Minor alleges that the indictment is defective because it alleges only one criminal activity, a single burglary. He maintains that the language in the statute refers to "criminal activities" (plural) and that, therefore, more than one single offense must be alleged as the subject of the illegal combination. Minor argues that this court should

---

1. The parties do not present "double jeopardy" arguments except insofar as "collateral estoppel" finds its genesis under "double jeopardy" principles. Therefore, we will not discuss that issue.

focus on the literal text of the statute and give effect to its plain meaning. *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App.1991). He cautions us that courts are not to add to, nor subtract from, the express language in a statute. *Boykin v. State, supra; Coit v. State*, 808 S.W.2d 473 (Tex.Cr.App.1991); *Ex parte Davis*, 412 S.W.2d 46 (Tex.Cr.App. 1966).

Section 71.01(a) provides in part:

"Combination" means three or more persons who collaborate in carrying on *criminal activities.* (Emphasis added)

Section 71.02(a)(1) provides in part:

A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit *one or more* of the following:

murder, capital murder, arson, aggravated robbery, robbery, *burglary.* (Emphasis added)

■■■ To be convicted of organized criminal activity, one must commit or conspire to commit *one or more* of the enumerated offenses with the specific intent of participating in a criminal group. *Barber v. State*, 764 S.W.2d 232, 235 (Tex.Cr.App.1988). Our sister court in Houston has written that " 'carrying on' criminal activities" includes a single instance as well as multiple instances. *Lucario v. State*, 677 S.W.2d 693, 700 (Tex. App.—Houston [1st Dist.] 1984, no pet'n). It is a rule of statutory construction that the singular tense includes the plural and the plural tense includes the singular. TEX. GOV'T CODE ANN. § 311.012(b) (Vernon 1998); *Williams v.State*, 905 S.W.2d 49, 51 (Tex.App.—Houston [1st Dist.] 1995, pet'n ref'd). The legislature has had the opportunity to amend the statute since *Lucario,* but it has declined to do so. However, exhibiting more concern for the number of persons involved than the number of offenses, the legislature amended Section 71.01(a) in 1989. The amendment changed the definition of "combination" from the previously required "five or more persons" to require only "three or more persons," reflecting "the legislature's recognition that organized criminal activity is more dangerous to the welfare of the State than unorganized activity." *McDonald v. State*, 692 S.W.2d 169, 172 (Tex.App.—Houston [1st Dist.] 1985, pet'n ref'd). We hold that organized criminal activity includes a combination of three or more persons carrying on "one or more" criminal offenses by engaging in either a single criminal activity or multiple criminal activities. The State's point of error is sustained.

The judgment is reversed, and the cause is remanded to the trial court.