**Robert Fred MINOR, II, Appellant,**

v.

**The STATE of Texas.**

**No. 298–99.**

Court of Criminal Appeals of Texas.

Jan. 19, 2000.

Christopher S. Till, Comanche, for appellant.

Martin L. Peterson, Assist. DA, Meridian, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

The opinion of the Court was delivered PER CURIAM.

Appellee was indicted for engaging in organized criminal activity by committing a burglary. The trial court granted Appellee's motion to quash the indictment. The Court of Appeals reversed the trial court's order. *State v. Minor,* 981 S.W.2d 481 (Tex.App.—Eastland 1998). The Court of Appeals held that organized criminal activity includes a combination of three or more persons carrying on "one or more" criminal offenses by engaging in either a single criminal activity or multiple activities. *Minor,* 981 S.W.2d at 483. The court disagreed with Appellee that the statute's requirement of "criminal activities" meant that more than one single offense must be alleged.

Appellee has filed a petition for discretionary review contending, among other things, that the Court of Appeals' holding conflicts with *Nguyen v. State,* 977 S.W.2d 450 (Tex.App.—Austin 1998, pet. granted). This Court granted review in *Nguyen* and agreed with the Austin Court of Appeals in that case. *Nguyen v. State,* 1 S.W.3d 694 (Tex.Crim.App.1999). We concluded that the statutory language of the offense of engaging in organized criminal activity "cannot be understood to include an agreement to jointly commit a single crime; the State must prove more than that the appellant committed or conspired to commit one of the enumerated offenses with two or more other people." *Nguyen,* 1 S.W.3d at 697. The Court of Appeals in the instant case did not have the benefit of our opinion in *Nguyen.* Accordingly, we grant ground one of Appellee's petition for discretionary review and remand this case to the Court of Appeals in light of our opinion in *Nguyen.*